120 P.3d 751

Kory Steven LOVELAND,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 31155.

Court of Appeals of Idaho.

Aug. 31, 2005.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent. Carol L. Chaffee argued.

PERRY, Chief Judge.

Kory Steven Loveland appeals from the district court's order denying his application for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

In 2002, Loveland was charged with two counts of forgery. I.C. § 18–3601. Loveland agreed to plead guilty to one count of forgery in exchange for the state's agreement to dismiss the second count and other pending criminal charges. The state also agreed not to charge Loveland as a persistent violator and to limit its sentencing recommendation to a unified term of eight years, with a minimum period of confinement of two years. At the hearing to enter the plea, Loveland testified that he did not have the intent to defraud the party to whom he had passed a forged check. Accordingly, the district court found that there was an insufficient factual basis to support Loveland's guilty plea and refused to accept it. The district court also refused to accept Loveland's offer to enter an *Alford*[1] plea. Following trial, a jury found Loveland guilty of two counts of forgery. The district court sentenced Loveland to concurrent unified terms of fourteen years, with minimum periods of confinement of four years. No direct appeal was filed.

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Loveland filed a verified application for post-conviction relief, asserting that he had received ineffective assistance of counsel due to counsel's failure to file a direct appeal.[2] In Loveland's affidavit, which accompanied his application, he asserted that he had asked his trial counsel in person and in writing to file an appeal and that counsel refused those requests by failing to file a direct appeal. The district court dismissed Loveland's application, finding that Loveland had failed to present facts sufficient to state a claim because he had not asserted any issues that he would have raised on direct appeal. With the leave of the district court, Loveland filed an amended verified application for post-conviction relief. The state admitted that no direct appeal had been filed but denied Loveland's claim that trial counsel ignored his request to file a direct appeal, indicating that it was without sufficient information to form a belief as to the truth of that claim.

At the evidentiary hearing, the district court asked Loveland if he wished to present any evidence. The following exchange then occurred:

[Loveland]: No, Judge. We're going to rely upon the record and the transcripts, which, if the court has not been provided previously with copies of the transcripts—

[Court]: Here is what I have. I have the February 19th hearing and that was where [Loveland] entered a not guilty plea and then I have the May 3rd, 2002, entry of a plea hearing.

[Loveland]: Does it include June 27th, as well?

[Court]: And it includes, then, June 27th, his actual sentencing hearing. So, those are the transcripts which the court has read and reviewed, and those will be made part of the record in these proceedings.

[Loveland]: And I don't intend to rely upon any other facts other than what are in those transcripts, Judge.

The state also declined to present any evidence. Loveland then argued that the

district court had erred by refusing to accept his guilty plea or an *Alford* plea and that he would have raised that alleged error as an issue on direct appeal. In a memorandum decision, the district court noted that, if Loveland's allegations that he asked his trial counsel to file an appeal and that counsel ignored his requests were true, Loveland would have established that his trial counsel rendered deficient performance. The district court found, however, that Loveland had failed to present any evidence to support his allegations at the evidentiary hearing. The district court also concluded that Loveland failed to demonstrate that he was prejudiced by any deficient performance of counsel. The district court denied Loveland's application. Loveland appeals.

## II.

## ANALYSIS

■ Loveland contends that the district court erroneously found that he failed to present any evidence to prove his claim of ineffective assistance of counsel. Loveland asserts that, in his verified application for post-conviction relief and accompanying affidavits, he alleged that trial counsel ignored his requests to file a direct appeal and that the application and affidavits constituted evidence at the evidentiary hearing. Loveland argues that, because the state did not rebut his allegations, the district court was required to accept his allegations as true.

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

**2.** Loveland raised other claims in his application for post-conviction relief, which are not at issue in this appeal.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell*, 118 Idaho at 67, 794 P.2d at 656. We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

■ Here, the state filed an answer in which it denied Loveland's allegations that trial counsel had ignored his request to file an appeal, asserting that it was without sufficient information to form a belief as to the truth of the allegations. Loveland contends that this answer did not constitute a legitimate denial and, thus, whether trial counsel ignored his request to file a direct appeal was not at issue. However, if a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. I.R.C.P. 8(b). Therefore, the district court correctly determined that an issue of material fact existed and ordered that an evidentiary hearing be held. At the evidentiary hearing, Loveland was required to prove his claim of ineffective assistance of counsel by a preponderance of the evidence, and the standard for avoiding summary dismissal, in which the district court was required to accept his allegations as true, was no longer applicable. *See, e.g., Dunlap v. State*, 126 Idaho 901, 909, 894 P.2d 134, 143 (Ct.App.1995).

■ Loveland also asserts that, because the Uniform Post–Conviction Procedure Act permits the district court to accept affidavits as evidence, his application and affidavits automatically constituted evidence for purposes of the evidentiary hearing. A verified pleading that sets forth evidentiary facts within the personal knowledge of the verifying signator is, in substance, an affidavit and is accorded the same probative force as an affidavit. *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.App.1993). However, the purpose of pleadings is to frame the issues upon which a cause is to be tried. Unless introduced into evidence, pleadings are not evidence. That Loveland's application was verified did not dispense with the need to prove his allegations.

At a post-conviction evidentiary hearing, the court may receive proof by affidavits, depositions, oral testimony, or other evidence and may order the applicant brought before it for the hearing. I.C. § 19–4907. Section 19–4907, therefore, modifies the rules of evidence insofar as it permits the admission of certain forms of hearsay that might otherwise be inadmissible. *See* I.R.E. 801–05. However, Section 19–4907's modification of what evidence can be admitted during a post-conviction evidentiary hearing does not establish that all potentially admissible documents are automatically admitted into evidence. Thus, Section 19–4907 does not support Loveland's position that his verified application and affidavits were *automatically* introduced into evidence at the evidentiary hearing. Further, the adoption of such an interpretation would deprive the parties of the opportunity to object to the admissibility of any such proof. *See* I.R.E. 103.

■ The district court specifically indicated which documents were being made part of the record at the evidentiary hearing. Those documents included portions of the record from the underlying criminal proceeding and did not include any of the pleadings in the post-conviction action. Loveland never offered his pleadings or affidavits in an attempt to introduce them into evidence at the evidentiary hearing. Because Loveland declined to present any evidence that his counsel ignored his request to file a direct appeal, we conclude that the district court did not err in dismissing his application.[3] Accord-

---

3. As an alternative ground for dismissal, the district court found that Loveland had failed to show he was prejudiced by his counsel's failure to file an appeal because he did not demonstrate a meritorious issue that he would have raised on direct appeal. However, a defendant demonstrates actual prejudice by showing that there was a reasonable probability that, but for coun-

sel's deficient failure to consult with him or her about an appeal, the defendant would have timely appealed. *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985, 999 (2000). Where counsel's deficient performance results in the failure to file a direct appeal, that performance does not lead to a judicial proceeding of disputed reliability but, rather, to the for-

ingly, the district court's order denying Loveland's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ concur.

feiture of a proceeding itself. *See Flores–Ortega,* 528 U.S. at 483, 120 S.Ct. at 1038, 145 L.Ed.2d at 998-99. Thus, where counsel disregards a direct request to file an appeal, the defendant should not be required to identify the meritorious issues that would have been raised, but should be restored to the status enjoyed immediately following the judgment of conviction when the defendant was entitled to a direct appeal. *Beasley v. State,* 126 Idaho 356, 361, 883 P.2d 714, 719 (Ct.App.1994). Therefore, the district court's finding that Loveland's claim of prejudice failed

because he had not alleged any meritorious direct appeal issues was in error. Nonetheless, that the district court misconstrued the prejudice prong is of no consequence and may be disregarded. *See Pitzer v. Swenson,* 128 Idaho 423, 425, 913 P.2d 1193, 1195 (Ct.App.1996); *MacLeod v. Reed,* 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct.App.1995). The dismissal of Loveland's application can be sustained because Loveland failed to present any evidence to prove his allegations.