# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35506

FRED WILLIE,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)

2010 Opinion No. 40

Filed: June 4, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Peter D. McDermott, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

---

MELANSON, Judge

Fred Willie appeals from the district court's order dismissing his application for post-conviction relief. Willie asserts that the district court erred when it dismissed his claim of ineffective assistance of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Willie was charged with nine counts of lewd conduct with a minor under the age of sixteen years. I.C. § 18-1508. At the completion of trial, a jury found him guilty of three counts. The district court sentenced Willie to concurrent, unified terms of twenty years, with minimum periods of confinement of five years. Thereafter, Willie filed an I.C.R. 35 motion for reduction of sentences. The district court granted Willie's motion and reduced his sentences to concurrent, unified terms of eight years, with minimum periods of confinement of three years.

Willie filed an application for post-conviction relief seeking a vacation of his judgment of conviction and a new trial. Willie also filed four affidavits and two memoranda in support of his application. Willie's application alleged numerous claims of ineffective assistance of counsel, including a claim that his trial counsel failed to consult with him about filing an appeal. After considering the case file, application, memoranda and the accompanying affidavits, the district court held an evidentiary hearing on all of the claims.

Willie's trial counsel in the criminal case did not testify at the evidentiary hearing. However, pursuant to a stipulation, the district court instead considered trial counsel's deposition testimony. During the deposition, trial counsel was never asked whether he consulted with Willie about his right to appeal. In addition, at the evidentiary hearing, counsel for Willie never mentioned the appeal issue, nor did he present any testimony or evidence regarding trial counsel's failure to consult with Willie about his right to appeal.[1] The state declined to present any evidence at the hearing.

In its memorandum decision, the district court held that Willie failed to support his allegation of ineffective assistance of counsel for failure to consult with Willie about his right to appeal. The district court noted that Willie failed to present any evidence, either in the affidavits or at the evidentiary hearing, to demonstrate that trial counsel failed to discuss with or inform Willie about his right to appeal. Further, the district court held that the general statements made in Willie's application and accompanying memoranda regarding his right to appeal were not sufficient to support a finding of ineffective assistance of counsel. As such, the court dismissed Willie's application. Willie appeals.

## II.

## ANALYSIS

Willie asserts that the district court erred when it dismissed his application for post-conviction relief because trial counsel failed to consult with him about filing an appeal when a rational defendant in Willie's position would want to appeal. The state responds that, based on this Court's decision in *Loveland v. State*, 141 Idaho 933, 120 P.3d 751 (Ct. App. 2005), the district court correctly applied the law by concluding that Willie failed to establish a claim of ineffective assistance of counsel. Willie contends that his verified application for post-

---

[1] The testimony at the hearing focused on Willie's claim that trial counsel was ineffective for failing to investigate Willie's alleged medical condition.

conviction relief should have been considered by the district court as evidence of his trial counsel's deficient performance. In the alternative, Willie also urges this Court to overturn its decision in *Loveland*.

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell*, 118 Idaho at 67, 794 P.2d at 656. The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

To support its argument that Willie did not meet his burden to show that trial counsel's performance was deficient, the state relies upon this Court's decision in *Loveland*. In that case, Loveland filed a verified application for post-conviction relief, alleging that trial counsel provided ineffective assistance of counsel. In the affidavit accompanying the application, Loveland asserted that he had asked his trial counsel to file an appeal and that trial counsel refused. At an evidentiary hearing on the application, Loveland explained that he would not present any evidence and would rely solely upon the record and transcripts in support of his claim. The district court dismissed Loveland's application because Loveland failed to present any evidence to prove his claim of ineffective assistance of counsel. Loveland asserted on appeal that the verified application and the accompanying affidavits constituted evidence to be considered by the district court at the evidentiary hearing. However, this Court held that, unless introduced into evidence at the hearing, verified applications and affidavits do not constitute evidence. *Loveland*, 141 Idaho at 936, 129 P.3d at 754. This Court concluded that Loveland was still required to prove his allegations at the hearing by a preponderance of the evidence. *Id*.

Further, this Court held that the standard for avoiding summary dismissal, in which the district court is required to accept the application's allegations as true, is not applicable at an evidentiary hearing. *Id*. Therefore, because Loveland never introduced his application or affidavits into evidence at the evidentiary hearing, this Court determined that the district court did not err when it dismissed Loveland's application for post-conviction relief. *Id*. Like the applicant in *Loveland*, Willie did not present any evidence at the hearing to support his claim that trial counsel failed to inform him about his right to appeal.

Willie contends that counsel effectively placed Willie's application into evidence at the evidentiary hearing by stating, "Judge I don't believe I need anything from Mr. Willie at this point. He's on the record via affidavit and also of course the trial transcript in which he participated but did not testify." However, this statement is not an appropriate proffer of the affidavits or the application as evidence. Further, this statement is not a proper request that the district court take judicial notice of the documents. Under I.R.E. 201(d), parties "shall identify the specific documents or items for which the judicial notice is requested or shall proffer to the court and serve on all [parties] copies of such documents or items." Here, while counsel for Willie identified the affidavits, there was no request made for judicial notice and no mention at all of Willie's application, which is the only verified document that specifically alleged that trial counsel did not discuss an appeal with Willie. We restate our holding in *Loveland* that, in the context of an evidentiary hearing pursuant to I.C. § 19-4907, affidavits and verified applications are not evidence unless they are introduced into evidence.

At the evidentiary hearing, Willie did not properly introduce into evidence *any* proof, either through trial counsel's deposition, Willie's affidavits, or by any other means, to support the claim that trial counsel failed to discuss an appeal with Willie. The only evidence produced at the hearing was trial counsel's deposition and expert witness testimony regarding the investigation of Willie's medical condition. Nothing in the testimony or the deposition supported Willie's allegation that trial counsel failed to discuss an appeal. It is noteworthy that Willie's post-conviction counsel did not question trial counsel during the deposition about whether a discussion regarding Willie's right to appeal took place. Therefore, Willie failed to meet his burden to demonstrate that trial counsel provided ineffective assistance of counsel for a failure to discuss with Willie his right to appeal. Accordingly, the district court did not err in dismissing Willie's application for post-conviction relief.

Willie asserts, in the alternative, that this Court should overrule *Loveland* and hold that verified applications are automatically admitted as evidence of trial counsel's deficient performance. We have reviewed *Loveland* and decline to overrule that decision.

## III.

## CONCLUSION

Willie failed to meet his burden to show by a preponderance of the evidence that trial counsel provided ineffective assistance of counsel. Therefore, the district court's order dismissing Willie's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**