IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36129

| MELVIN ARTHUR McCABE, | ) | 2010 Unpublished Opinion No. 748 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 20, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order dismissing application for post-conviction relief and order denying relief under I.R.C.P. 60(b), affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin and Annie McDevitt, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

WALTERS, Judge Pro Tem

This is an appeal from an order dismissing an application for post-conviction relief and from an order denying the petitioner's motion for relief under Idaho Rule of Civil Procedure 60(b). We affirm.

## I.

## BACKGROUND

The petitioner, Melvin McCabe, pled guilty to malicious injury to property, a felony. Idaho Code § 18-7001. The charge stemmed from a fire that had occurred at his estranged wife's residence. The judgment of conviction and sentence were affirmed on appeal. *State v. McCabe*, Docket No. 32066 (Ct. App. April 10, 2007) (unpublished). While that appeal was pending, McCabe filed a pro se application for post-conviction relief asserting, among other claims, that his plea to the felony was not constitutionally valid because he had no prior knowledge that the

1

offense required a showing of damage in excess of $1000. The district court summarily dismissed McCabe's application and McCabe appealed.

On that appeal this Court rejected all of McCabe's claims with the exception of an allegation that the district court had erred in summarily dismissing McCabe's claim that the guilty plea was constitutionally invalid because McCabe had not been advised on the value element of felony malicious injury to property. *McCabe v. State*, Docket No. 33636 (Ct. App. July 14, 2008) (unpublished). The Court ruled:

> Despite the fact that the particular crime to which McCabe pled was negotiated and a reduced charge from first degree arson, there is no evidence in the record to show that McCabe was informed of the material elements of felony malicious injury to property prior to his guilty plea. The information and plea colloquy create confusion as to the value element of the crime. Where a defendant does not know the material elements of the charge to which he is pleading, his plea cannot be knowing, voluntary, and intelligent. *Salazar-Garcia*, __ Idaho at __, 183 P.3d at 780. It is entirely possible that McCabe was so informed; however that cannot be determined from the record before us. Therefore the district court erred by summarily dismissing this claim in McCabe's petition for post-conviction relief. McCabe raised an issue of material fact requiring an evidentiary hearing.

In its concluding paragraph in the opinion, this Court restated that the district court erred by summarily dismissing McCabe's claim that his guilty plea was not constitutionally valid on the allegation that he was not informed of the material elements of the charged crime, and directed that: "The case is remanded for an evidentiary hearing on the guilty plea claim." It is clear that this Court did not hold that McCabe's plea was constitutionally invalid as alleged by McCabe in his petition, because the opinion did not order the district court to summarily grant on remand the relief sought in the petition. Instead, recognizing that an evidentiary hearing was necessary to resolve the factual question of whether McCabe had not been sufficiently apprised of the valuation element of the crime as he claimed, this Court ordered the district court to hold an evidentiary hearing on the issue.

Also in that appeal, while addressing the use of the Uniform Post Conviction Procedure Act in Idaho, this Court noted that an application for post-conviction relief initiates a proceeding that is civil in nature and, as with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is

2

based.[1]  Thus by application of Idaho Criminal Rule 57(b) and (c) and the opinion of this Court in docket number 33636, McCabe had been made aware before the evidentiary hearing on remand that he bore the burden of presenting to the district court admissible evidence to support his claim that his guilty plea was constitutionally invalid.

Following the remand, the district court entered an order reciting, in part, that:

> The court of appeals having directed on remand that an evidentiary [hearing] be conducted on the constitutional validity of the petitioner's guilty plea, the court will sua sponte appoint counsel for the petitioner, unless the petitioner informs the court in writing, within twenty (20) days of the date of this order, that he intends to represent himself and proceed pro se.

McCabe submitted a written response to the district court on August 26, 2008, indicating his desire, based on his experiences with trial and post-trial proceedings, to "forgo the theatrics and role-playing associated with appointed counsel" and to proceed pro se.  Accordingly, the district court did not appoint counsel for McCabe and conducted an evidentiary hearing at which McCabe chose not to testify, but instead requested the admission of five documents, which the court granted.[2]  After McCabe concluded his presentation of evidence, the state moved for a directed verdict, contending that McCabe had failed to meet his burden of proof on his claim of invalidity of his guilty plea.  The district court took the state's motion under advisement and the state proceeded to call McCabe's trial counsel as its only witness.

---

[1]  Idaho Criminal Rule 57(b) and (c)  provide as follows:
(b)  Filing and processing.  The petition for post-conviction relief shall be filed by the clerk of the court as a separate civil case and be processed under the Idaho Rules of Civil Procedure except as otherwise ordered by the trial court; provided the use of the provisions for discovery in the Idaho Rules of Civil Procedure shall not apply to the proceedings unless and only to the extent ordered by the trial court.
(c)  Burden of proof.  The petitioner shall have the burden of proving the petitioner's ground for relief by a preponderance of the evidence.

[2]  The five documents consisted of the state's Third Amended Information which charged McCabe with malicious injury to property, a reporter's transcript of the change of plea hearing, a reporter's transcript of McCabe's sentencing hearing, a copy of a letter faxed by McCabe to the Jerome County Prosecutor confirming that McCabe had mailed to the prosecutor a list of exhibits McCabe intended to use at the hearing, and a letter from attorney Dennis Benjamin to McCabe advising McCabe of certain matters relating to the appeal in *McCabe v. State*, Docket No. 33636.

Trial counsel testified that he discussed "what malicious injury to property was" with McCabe and, although he could not "recall word for word or a specific discussion" he could say that when he is "in negotiations like that, [he] run[s] through the basic elements as to what [the defendant] is going to have to be admitting to and what the state would have to prove" and that he had "every reason to believe" that is what he did in McCabe's case. He testified that he had received a letter from the insurance carrier indicating a fire loss of approximately $12,800 and his own personal view of the premises indicated the damage was well over a thousand dollars.

After the evidentiary hearing, the district court entered a memorandum decision granting the state's motion for directed verdict and entered an order dismissing McCabe's petition. McCabe then filed a motion under I.R.C.P. 60(b) for relief from the order of dismissal. In his motion, McCabe asserted that his failure to present sufficient evidence to satisfy the burden of proof was the result of mistake, inadvertence and excusable neglect. The state filed a reply to McCabe's motion. McCabe sent a letter to the court reciting that "[u]nless it's to (sic) late in the day to take advantage of your sua sponte offer of counsel, please consider this letter a retraction of my letter dated August 26, 2008." The district court denied the Rule 60(b) motion without addressing McCabe's retraction letter. McCabe brought the instant appeal.

## II.

## ISSUES

McCabe asserts three issues in this appeal. He contends that the district court erred by allowing McCabe to waive the assistance of counsel and to represent himself at the evidentiary hearing without first being made aware of the consequences of waiving the assistance of counsel. Next, he submits that the district court erred by failing to respond to McCabe's letter retracting his refusal to accept the court's offer of the appointment of counsel, which letter was submitted after the state had replied to McCabe's motion for Rule 60(b) relief but before the district court had rendered a decision on the motion for relief. Finally, he argues that the district court erred in concluding that McCabe's failure to present evidence at the evidentiary hearing, other than the five exhibits which he offered and were admitted by the court, was a deliberate strategy rather than the product of excusable neglect.

4

# III.

# DISCUSSION

As his first issue on appeal, McCabe contends that the district court erred in accepting McCabe's waiver of counsel to assist him with the proceedings on remand. He argues that because he had a "right" to counsel in post-conviction proceedings he could only waive that right if done so knowingly, voluntarily and intelligently. He asserts that his right to counsel exists pursuant to I.C. § 19-852(b)(3) and I.C. § 19-4904 and that the district court was obligated to advise him of the consequences of waiving that right pursuant to I.C. § 19-857. He argues that the district court failed to ascertain that McCabe acted with full awareness of his rights and of the consequences and dangers of self-representation when McCabe refused the court's offer to appoint counsel sua sponte prior to the evidentiary hearing ordered by the Court of Appeals.

McCabe's assertion rests upon a flawed premise. There is no "right"--either constitutional or statutory--to counsel in a post-conviction proceeding in Idaho. *Fields v. State*, 135 Idaho 286, 17 P.3d 230 (2000); *Rios-Lopez v. State,* 144 Idaho 340, 160 P.3d 1275 (Ct. App. 2007). In *Quinlan v. Idaho Comm'n for Pardons and Parole*, 138 Idaho 726, 730, 69 P.3d 146, 150 (2003), the Idaho Supreme Court explained:

> In *Brown* [*v. State*, 135 Idaho 676, 23 P.3d 138 (2001)], a post-conviction case, this Court found the appointment of counsel in post-conviction cases to be governed by both I.C. § 19-4904 and I.C. § 19-852. After *Brown*, I.C. § 19-853 was amended to make clear that appointment of counsel at public expense in post-conviction cases shall be in accordance with I.C. § 19-4904. Thus, I.C. § 19-852 no longer applies in post-conviction cases and appointment of counsel in those cases is governed only by I.C. § 19-4904.

*Id. See also Swader v. State*, 143 Idaho 651, 653, 152 P.3d 12, 14 (2007).

This principle was recognized by this Court in the prior appeal, where this Court stated: "Furthermore, McCabe is not entitled to an attorney as a right for a post-conviction petition," *citing* I.C. § 19-4904.[3] McCabe has not cited any rule of law otherwise requiring a trial court in

---

[3]     I.C. § 19-4904 provides that:
    If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, witness fees and expenses, and legal services, these costs and expenses, and a court-appointed attorney may be made available to the applicant in the preparation of the application, in the trial court, and on

civil litigation matters to advise a pro se party of the consequences or dangers of self-representation. Because there is no "right" to be waived by a party when that party decides to proceed pro se, the district court did not err in allowing McCabe to represent himself without exploring whether McCabe, pro se, was aware of any dangers or consequences of self-representation.

McCabe's next issues are inter-related. He contends that the district court erred by deciding the merits of his motion for relief under Rule 60(b) and he asserts that the district court erred by deciding that motion without first addressing McCabe's letter of retraction where McCabe essentially withdrew his rejection of the court's offer to appoint counsel to assist McCabe. Because the district court had already decided the merits of McCabe's claim that his plea of guilty was invalid, his attempt to obtain an attorney by court-appointment through his letter of retraction could therefore relate only to the processing of the Rule 60(b) motion. We reach this conclusion as follows.

Upon request and with a showing of indigence, the district court may, within its discretion, appoint counsel to assist an applicant in the pursuit of an application for post-conviction relief, *see Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). In the prior appeal, we noted that when a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. We also recognized that a district court abuses its discretion where it fails to determine whether an applicant for post-conviction relief is entitled to court-appointed counsel before denying the application on the merits. In that appeal, we held the district court did not abuse its discretion in failing to appoint counsel for McCabe before the court ruled on the merits of his application, because there was nothing in the record to show that McCabe had requested the appointment of counsel, and provided proof of indigence prior to the district court ruling on the merits of his application. The same situation still exists here.

Prior to determination of his application for post-conviction relief, McCabe never requested the appointment of counsel to assist him with the presentation of his application nor did he submit any proof that he was indigent and unable to provide his own counsel. These are

appeal, and paid, on order of the district court, by the county in which the application is filed.

6

the matters that needed to be presented to the district court as a threshold in order to invoke the court's exercise of discretion in deciding whether to provide counsel, at public expense, for McCabe. Accordingly, the district court did not commit error or abuse its discretion when it proceeded to reach the merits of McCabe's application while McCabe was representing himself.

This brings us to McCabe's argument that the district court erred by failing to address his request for appointment of counsel prior to deciding the merits of the Rule 60(b) motion. Part of McCabe's argument rests on the mistaken premise that he had a "right" to counsel, an argument that we have already rejected. The other part of his argument essentially raises the question whether the district court made a procedural mistake by not addressing the request for counsel before deciding the Rule 60(b) motion on its merits.

McCabe's argument that the district court erred in deciding the Rule 60(b) motion without addressing McCabe's request for counsel, by way of his retraction letter, necessitates a determination of whether the Rule 60(b) motion raised a non-frivolous claim for relief. McCabe asserted in his motion for relief, under I.R.C.P 60(b), that his decision to forgo presenting any evidence beyond the five documents that were admitted (see footnote 2, *supra*) at the evidentiary hearing on remand was excusable neglect. He submitted that "he was of the opinion that the sworn petition and/or affidavit as originally filed, presented sufficient evidence of material fact, absent controversion, that entitled him to relief." However, McCabe's position is contrary to the procedure followed in post-conviction proceedings. *See Loveland v. State*, 141 Idaho 933, 936, 120 P.3d 751, 754 (Ct. App. 2005). In that case, this Court rejected a petitioner's contention that his verified application and affidavits were automatically introduced into evidence at the evidentiary hearing on the application as unsupported by I.C. § 19-4907. We concluded that the adoption of such an interpretation would deprive the parties of the opportunity to object to the admissibility of any such proof. *Loveland*, 141 Idaho at 936, 120 P.3d at 754.

In denying McCabe's Rule 60(b) motion, the district court determined at the evidentiary hearing that McCabe made the intentional decision not to present any evidence, other than the items listed in the court's memorandum decision issued after the evidentiary hearing, and recited *supra* in footnote 2. The court noted that McCabe declined to offer any other evidence. In light of this, the district court concluded, McCabe's "conduct cannot reasonably be construed as 'neglect,' as it reflected a deliberate choice to rest his case without presenting any evidence

7

beyond that which was in the record before the Court of Appeals." The district court's conclusion is supported by the record.

Relief under Rule 60(b) lies only for mistakes of fact, not mistakes of law. *Berg v. Kendall*, 147 Idaho 571, 577, 212 P.3d 1001, 1007 (2009); *Reeves v. Wisenor*, 102 Idaho 271, 272, 629 P.2d 667, 668 (1981). A mistake sufficient to warrant setting aside a judgment must be one of fact and not of law; neglect must be excusable and, to be of that caliber, must be conduct that might be expected of a reasonably prudent person under the same circumstances. *Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979). McCabe's belief that the Court of Appeals had already determined his plea of guilty was unconstitutional, and that he did not need to submit any further evidence on that question, was a mistake of law, not excusable neglect. Likewise, his confusion regarding his burden at the evidentiary hearing was grounded in a mistake of law, not a mistake of fact. His strategic conduct in deciding what evidence to present at the evidentiary hearing was not that which might be expected of a reasonably prudent person under the same circumstances. *Id.* This Court has cautioned that gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief and a pro se litigant's lack of knowledge of the procedural rules is a mistake of law and not excusable neglect which would entitle him to relief from a judgment. *Ade v. Batten*, 126 Idaho 114, 118, 878 P.2d 813, 817 (Ct. App. 1994).

Furthermore, McCabe's asserted belief that the Court of Appeals had already determined that his plea of guilty was unconstitutional, is patently unreasonable and without any foundation or support in the record. This Court clearly determined that while McCabe's allegation in his petition for post-conviction relief raised a question of the validity of his plea, the record was insufficient at that point to decide that question as a matter of fact, which necessitated a remand for an evidentiary hearing rather than summarily dismissing that claim. His argument that he believed the state bore the burden of showing the validity of his plea is contrary to the civil rules applicable to post-conviction proceedings, particularly I.C.R. 57. McCabe's assertions that his misunderstandings constituted excusable neglect, such as to entitle him to relief under Rule 60(b) are unreasonable. Accordingly, we affirm the order of the district court denying McCabe's motion under I.R.C.P. 60(b) for relief.

We have previously noted that when a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in

the case. This rule is subject to a corollary to the effect that when the application for relief is frivolous, or does not raise the possibility of a valid claim, then the failure of the district court to address the petitioner's motion for appointment of counsel, while error, is not a reversible error because it did not affect the petitioner's substantial rights. *See Melton v. State,* 148 Idaho 339, 223 P.3d 281 (2009) (applying I.R.C.P. 61[4]); *see also Cowger v. State*, 132 Idaho 681, 978 P.2d 241 (1999); *Plant v. State*, 143 Idaho 758, 152 P.3d 629 (Ct. App. 2006); *State v. Warren*, 135 Idaho 836, 25 P.3d 859 (Ct. App. 2001).

Here, although the district court may have erred by failing to address McCabe's implicit request for appointment of counsel with respect to this Rule 60(b) motion, it does not afford a basis to reverse and remand this case to the district court to consider the motion for appointment of counsel, because the Rule 60(b) motion was unreasonable, frivolous, and without merit, and did not affect a substantial right of the petitioner.

## IV.

## CONCLUSION

The district court did not err in failing to ascertain whether McCabe was aware of any dangers or consequences of self-representation before allowing McCabe to proceed pro se at the evidentiary hearing on McCabe's application for post-conviction relief. The district court did not err in denying McCabe's motion for relief under I.R.C.P. 60(b) and, while the district court may have erred in failing to address McCabe's implicit request for appointment of counsel before deciding the Rule 60(b) motion, that error did not affect any substantial right because the position asserted by McCabe in his motion for relief was frivolous and did not raise a valid claim. The orders denying relief on McCabe's application for post-conviction relief and for post-judgment relief under I.R.C.P. 60(b) are affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**

---

[4]     Idaho Rule of Civil Procedure 61 provides that "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."