IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41066

| HERIBERTO FERNANDEZ SARABIA, | ) | 2014 Unpublished Opinion No. 496 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment denying post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

Heriberto Fernandez Sarabia appeals from the district court's judgment denying post-conviction relief. We affirm.

## I.

## BACKGROUND

Sarabia was convicted of injury to a child, Idaho Code § 18-1501(1), and three counts of lewd conduct with a minor under sixteen years of age, I.C. § 18-1508. Sarabia appealed and in an unpublished decision, this Court affirmed the judgment of conviction and sentences. *State v. Sarabia*, Docket No. 37267 (Ct. App., Oct. 18, 2010).

Sarabia then filed a petition for post-conviction relief. The petition advanced three broad claims: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct. Each of these claims contained numerous sub-claims. The State

1

moved for summary dismissal of each of the claims and sub-claims, but the district court ordered an evidentiary hearing.

At trial, Sarabia presented the testimony of three witnesses, including himself, and no other evidence. In a memorandum decision and order, the district court denied post-conviction relief. Sarabia appeals from the judgment.

## II.

## ANALYSIS

The district court's memorandum decision addressed and rejected, in some detail, three claims of ineffective assistance of trial counsel. On appeal, Sarabia posits no error with respect to the district court's disposition of these claims. Instead, Sarabia asserts that the district court erred by not, in its memorandum decision and order, ruling on *all* of the claims for relief contained in the petition. He identifies twenty-one claims and sub-claims that he contends the district court erred by not addressing, and he seeks a remand.

A petition for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell*, 118 Idaho at 67, 794 P.2d at 656. We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992). At the evidentiary hearing, Sarabia was required to prove his claims by a preponderance of the evidence, and the standard for avoiding summary dismissal, in which the district court was required to accept his allegations as true, was no longer applicable. *Loveland v. State*, 141 Idaho 933, 935-36, 120 P.3d 751, 753-54 (Ct. App. 2005).

The record belies Sarabia's claims of error. At the close of the evidentiary hearing, the prosecutor stated that in light of the evidence presented by Sarabia that, "it seems to me that the allegations are now reduced to the issues of whether [trial] counsel was deficient in not calling Mr. Salazar to the stand and also not calling Elena Fernandez to the stand." Counsel for Sarabia

2

did not object to this characterization or attempt to clarify the scope of the claims presented for resolution at trial. Counsel made no closing argument, choosing instead to "submit." Counsel did not file a post-hearing brief.

In accord, in its memorandum decision and order the district court resolved only the issues that had been supported by trial evidence. With respect to the remaining claims contained in the petition, the district court wrote:

> When an evidentiary hearing is held, claims unsupported by any evidence are subject to dismissal. *Loveland v. State*, 141 Idaho 933, 120 P.3d 751 (Ct. App. 2005). The petitioner must establish his claims and the court is free to weigh all of the evidence submitted and assess the credibility of the witnesses. *Id.* In the instant case, the only issue that evidence was offered on was the failure to call two witnesses to offer impeachment evidence attacking the victim's credibility and some error with respect to Count One. All other claims are dismissed.

Thus, contrary to Sarabia's position, here the district court *did* rule on the remaining petition claims; it denied relief on all of them because of Sarabia's failure to support those claims with admissible evidence. In this appeal, Sarabia makes no attempt to establish, through citation to the record and submission of argument and authority (or otherwise), that any of his remaining claims were supported by trial evidence and should have been addressed by the district court.

Sarabia has failed to show district court error. The district court's judgment denying post-conviction relief is therefore affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**