**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49006**

| | |
|---|---|
| STEPHEN MATHEW LOTT, | ) |
| | ) **Filed: May 16, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Stephen Mathew Lott, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Stephen Matthew Lott appeals from the district court's dismissal of his petition for post-conviction relief. Lott claimed in his petition that in his underlying criminal case the prosecutor and lead detective engaged in misconduct and that both his trial counsel were ineffective in a variety of ways. The district court granted the State's motion for summary disposition regarding Lott's claims involving the prosecutor and detective. An evidentiary hearing was held on Lott's claims of ineffective assistance of counsel. The district court ultimately dismissed Lott's petition. Lott timely appeals. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lott's wife, Christine, went missing and her remains were found twelve years later. Lott first claimed Christine left in a red pickup truck, then later changed his story to claim Christine committed suicide and he disposed of her body but did not call the police. He gave his new wife, Laura, a letter that told this story. Lott was charged with first degree murder and failure to notify

1

of a death. Lott later entered an *Alford*[1] plea to the amended charge of voluntary manslaughter Idaho Code § 18-4006(1), and pled guilty to failure to notify of a death, I.C. § 19-4301A(3). Lott appealed, arguing his sentences were excessive. This Court affirmed his judgment of conviction and sentences. *State v. Lott*, Docket No. 47514 (Ct. App. Apr. 21, 2020) (unpublished).

Lott filed a pro se petition for post-conviction relief claiming that the prosecutor and lead detective engaged in misconduct and that his two trial attorneys were ineffective in a variety of ways. Along with the motion, Lott filed his declaration and a declaration from Laura. Lott was appointed counsel. His counsel did not file an amended petition because Lott informed his counsel not to amend his petition. The State filed a motion for summary disposition with a supporting memorandum. The district court summarily dismissed all of Lott's claims against the prosecutor and detective, and the court denied the State's motion to summarily dismiss Lott's claims of ineffective assistance of trial counsel. Lott waived his attorney-client privilege. At the evidentiary hearing, Lott did not provide any additional evidence but relied solely on his filed declaration. The State called Lott's trial attorneys to testify. Lott testified in rebuttal. The district court dismissed Lott's petition, finding that the testimony of both trial counsel was credible and that Lott's claims were not supported by factual evidence and concluding he failed to demonstrate deficient performance. Lott timely appeals.

## II.

## STANDARD OF REVIEW

Post-conviction claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Lott argues that the district court erred by summarily dismissing his claims against the prosecutor and the lead detective, and by denying his ineffective assistance of trial counsel claims following an evidentiary hearing. Lott also asserts direct claims of error against the district court for failure to correct trial error and the district judge abused her discretion by not recusing herself from his post-conviction proceeding.

### A. Claims Against Prosecutor and Lead Detective

Lott asserts that it was error for the district court to dismiss his claims against the prosecutor and lead detective on the grounds that the claims could have been raised on direct appeal. He argues that, due in part to failings of his trial counsel, on appeal, he did not have a fair and full opportunity to present and litigate his claims against the prosecutor and lead detective for their misconduct and thus he should be allowed to bring these claims on post-conviction instead of

appeal. Lott argues a host of allegations from the investigative stage of this case including: (1) the prosecutor knowingly and willingly obtained an illegal felony arrest warrant; (2) Tennessee law enforcement conspired with the prosecutor and detective to illegally arrest Lott in Tennessee; (3) the detective illegally ordered Laura to turn over a confidential letter written by Lott, and the detective and prosecutor violated Lott's marital rights and privileges; (4) the prosecutor forced Laura to testify against Lott at the grand jury hearing and introduced the illegally obtained letter at the hearing; (5) the prosecutor and detective conspired with Tennessee authorities to illegally obtain the letter; (6) the prosecutor colluded with Lott's trial counsel to obtain continuances of the trial; (7) the prosecutor illegally enlisted Tennessee law enforcement to watch Lott, illegally arrest him, seize his property, and kidnap him out of Tennessee; (8) the prosecutor illegally coerced and forced Laura to come to Idaho and unlawfully testify against Lott; (9) the prosecutor violated Lott's constitutional rights by introducing Lott's letter to Laura to the grand jury; (10) the detective unlawfully seized Lott's cellphone and .40 caliber pistol through Tennessee authorities; and (11) the prosecutor colluded with Lott's trial counsel to coerce Lott to go to mediation.

The State asserts that Lott's argument that he could not have raised the claims against the prosecutor and the detective on appeal because of ineffective assistance of trial counsel highlights the role of the Uniform Post-Conviction Procedures Act in allowing such claims to be raised as ineffective assistance of counsel claims as opposed to direct claims. The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). Direct claims of prosecutorial misconduct are claims that can be raised either at trial or on appeal in the criminal proceedings and are not properly brought in post-conviction proceedings. *Bias v. State*, 159 Idaho 696, 702-03, 365 P.3d 1050, 1056-57 (Ct. App. 2015). There is no provision under the UPCPA for filing known claims of misconduct directly against a law enforcement officer. The district court found that the claims, by their very nature, could have and should have been raised in Lott's appeal from the underlying criminal conviction. We agree. These claims were known to Lott at the time he filed his direct appeal in the criminal proceedings. These claims could have been raised on appeal in the criminal proceedings or raised as ineffective assistance of counsel claims in the post-conviction proceedings. Except as discussed below, the claims were

4

not raised in either of these ways.  As direct claims, they are not properly raised in this post-conviction proceeding and could have or should have been raised during Lott's direct appeal from his criminal conviction.

**B.      Ineffective Assistance of Trial Counsel**

A claim of ineffective assistance of counsel may properly be brought under the UPCPA. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial.  *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).  The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better.  *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

In the context of an evidentiary hearing pursuant to I.C. § 19-4907, affidavits and verified applications are not evidence unless they are introduced into evidence.  *Willie v. State*, 149 Idaho 647, 649, 239 P.3d 445, 447 (Ct. App. 2010).  Lott's ineffective assistance of counsel claims proceeded to an evidentiary hearing.  The only evidence offered by Lott was his rebuttal testimony as neither his verified petition nor the supporting declarations were offered or admitted into

5

evidence.[2]  As noted, it is the petitioner's burden to prove the allegations by a preponderance of the evidence.  I.C. § 19-4907; *Baxter*, 149 Idaho at 861, 243 P.3d at 677.

Lott argues that trial counsel was ineffective because trial counsel failed to challenge Lott's arrest in Tennessee and extradition to Idaho.  Lott asserts that he was illegally arrested and coerced and deceived into signing a waiver of extradition without ever being taken before a magistrate, being appointed counsel, or being informed of his rights.  He asserts that the arrest warrant does not allege the elements to constitute first degree murder or who Lott allegedly murdered; was obtained by collusion between the magistrate and prosecutor; and was only legal and enforceable in Idaho.  Trial counsel was not Lott's attorney at the time he was arrested in Tennessee and extradited to Idaho.  Trial counsel was appointed after Lott was arraigned in Idaho.  Trial counsel received evidence from Tennessee and when Lott asked for the evidence, trial counsel made it available for him to review.  Trial counsel did not find any basis for challenging the arrest and extradition.  The district court found trial counsel credible, and Lott did not dispute that trial counsel sent him the evidence from Tennessee to review.  Lott did not provide any evidence to support this claim.  Thus, Lott did not prove by a preponderance of the evidence that trial counsel was ineffective with respect to any decision not to challenge his arrest and extradition.

At the evidentiary hearing, the district court addressed Lott's claim that his trial counsel was ineffective because they told him he had the burden of proving his innocence.  Lott does not assert this claim on appeal.  A party waives an issue on appeal if either authority or argument is lacking.  *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).  Therefore, the claim as asserted in the district court is waived.  Additionally, the district court found trial counsel's testimony credible that she did not tell Lott he had the burden of proving his innocence.  Lott does not argue the district court erred in concluding that his defense counsel did not tell him he had the burden of proving himself innocent and does not present argument showing the district court erred in its factual finding or legal conclusion based on the evidentiary record.  Thus, Lott failed to show

---

[2]  Lott suggests that his post-conviction counsel was ineffective, violating his constitutional rights in a number of ways.  There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief.  *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987).  Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief.  *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

the district court's factual findings are clearly erroneous and his trial counsel misadvised him about the burden of proof.

Also at the evidentiary hearing, Lott claimed his trial counsel was ineffective because they failed to show him the evidence against him. Because Lott does not raise this issue on appeal, he waived it. Regardless, the district court found that trial counsel's testimony was credible and not controverted by Lott in his rebuttal testimony. Thus, Lott failed to prove by a preponderance of the evidence that trial counsel never showed him the evidence against him. Consequently, Lott failed to show any error in the district court's decision on discovery.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Portions of a transcript missing on appeal are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). The grand jury transcript and minutes are not in the record. Thus, we will not presume error as to any of Lott's claims regarding the proceedings in the grand jury.

Lott asserts that his trial counsel was ineffective because they failed to assert spousal privilege regarding Lott's letter to Laura. Lott argues the only evidence that could link him to Christine's death was his illegally seized letter to Laura which instructed her not to tell anyone, demonstrating his intent to not have it disclosed. Lott also asserts that Laura's testimony to the grand jury about the letter blatantly disregarded his marital privilege. The district court determined trial counsel's testimony was credible that Lott also told his stepson, Lucas, about Christine's suicide and because Lucas already told the detective about the suicide, trial counsel did not see a way to suppress the letter. The extent of Lott's testimony on this claim was that the marital rights should have been challenged. The bare assertion is not evidence demonstrating ineffective assistance of counsel.

Lott claims that trial counsel was ineffective because trial counsel failed to file motions to suppress and to challenge the indictment. Trial counsel testified that they did not see anything they could challenge in the indictment or regarding the warrant. Trial counsel further testified that Lott did not request any motions to suppress or invalidate the indictment. The district court found trial counsel's testimony credible and not controverted by Lott. Lott does not argue the district

court erred in determining his rebuttal testimony did not controvert trial counsel's testimony. Additionally, Lott failed to have the transcript or minutes of the grand jury proceeding admitted during the evidentiary hearing. Thus, we agree with the district court that Lott failed to show both trial counsel were ineffective in not filing motions to suppress or challenging the indictment.

Lott argues that he was coerced in the plea process. Lott claims that trial counsel and the prosecutor jointly sought and received one continuance after another, and trial counsel browbeat and coerced Lott into agreeing to mediation and to plead guilty to manslaughter and failure to report a death. Lott claims they took advantage of him being very sick and wanting to get proper and adequate medical care to convince him to enter mediation, plead guilty, and waive all rights to appeal except to challenge the length of his sentences. The district court found trial counsel stipulated to continuances because they received multiple binders and several boxes of discovery in the criminal case and needed more time to investigate, including to try and locate everyone mentioned in reports going back a decade. The district court noted trial counsel's testimony that Lott knew it was a circumstantial case and she felt strategically Lott would have to testify to explain why he did not call the police. Trial counsel also testified that counsel and Lott decided together to give mediation a try and the mediation agreement reduced murder to voluntary manslaughter. The district court found this testimony credible. Lott did not testify about this claim at all and there was no evidence presented to support it. The district court determined that these decisions of trial counsel were strategic and tactical choices. Lott failed to provide evidence showing trial counsel's decisions were based upon inadequate preparation, ignorance of relevant law, or any other shortcomings capable of objective evaluation. The district court found that trial counsel recognized Lott had lupus but that his physical health did not impact his cognitive ability and he appeared competent during mediation. The evidence shows that Lott's plea was voluntary and not the result of deficient performance by trial counsel. Thus, Lott failed to prove by a preponderance of the evidence that trial counsel's performance was deficient with respect to the decision by trial counsel to attempt to mediate a plea agreement.

Lott has not shown that the district court erred in finding that trial counsel was not ineffective. Lott did not prove by a preponderance of the evidence the truth of the allegations made in his petition or that trial counsel's performance was deficient and he was prejudiced by the deficiency. Even if counsel were found to have erred, Lott does not argue that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted

on going to trial. Thus, we affirm the district court's dismissal of Lott's claims of ineffective assistance of trial counsel.

### C.      Claims Against the District Judge

Lott alleges the district judge erred by failing to recuse herself. Additionally, Lott asserts that the judge's failure to address or rule on some of his claims means those claims are deemed true as a matter of law. Lott alleges the district court failed to dismiss the case based on the asserted marital privilege violation, to instruct the grand jury as required, and to vacate the indictment.

The State asserts Lott failed to preserve his argument that the district judge erred by failing to recuse herself. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The record does not indicate that Lott ever objected to the judge presiding over his post-conviction case, or that he requested the judge to recuse herself. Lott's claim of an abuse of discretion is not preserved.

The State asserts that Lott waived his direct claims of trial court error by failing, inter alia, to properly instruct the grand jury and sua sponte prevent Laura from testifying about the letter. First, there is no basis in a post-conviction proceeding for a claim directed specifically at the court for alleged error. Any potentially proper claim of trial error must be based on preserved claims asserted at trial or as ineffective assistance of counsel for failing to assert the error and obtain a ruling. As to any direct claim of error during the trial proceeding, it must have been raised on direct appeal. Lott did not do so and, therefore, waived any such claims. Lott's claims are not properly asserted as judicial misconduct, but direct claims of error. Any post-conviction claims relative to error in instructing the grand jury or testimony about the letter are limited to ineffective assistance of counsel, which we have discussed above. Moreover, even if we considered such claims, Lott failed to present any evidence to support them during the evidentiary hearing. Claims unsupported by any evidence at the hearing are subject to dismissal even when the petitioner previously submitted affidavits asserting facts, which if true, could have entitled the petitioner to post-conviction relief on those claims. *Loveland v. State*, 141 Idaho 933, 936, 120 P.3d 751, 754 (Ct. App. 2005). Lott failed to present any evidence to support even potentially cognizable judicial misconduct claims during or after the grand jury proceeding. Lott also failed to provide the grand jury transcript or minutes as part of the record on appeal. Thus, we do not presume error and these claims are waived.

**IV.**

**CONCLUSION**

The district court did not err in dismissing Lott's petition for post-conviction relief. The district court's judgment is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.