842 P.2d 312

**Wayne N. OLDS, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 19750.**

Court of Appeals of Idaho.

Nov. 5, 1992.

Petition for Review Denied Dec. 30, 1992.

---

Alan E. Trimming, Ada County Public Defender, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Wayne Olds appeals from the summary denial of his petition for post-conviction relief in which he requested a modification of his sentence on his conviction for rape. Olds contends that he is entitled to post-conviction relief under I.C. § 19–4901(a)(4) by virtue of facts not previously presented or heard that require vacation of his sentence. The facts he submits relate to the alleged policy and practice of the Commission of Pardons and Parole (Commission) to categorically deny parole to convicted sex offenders, the effect of which is to exceed the sentencing judge's intent in prescribing a sentence. Olds asserts on appeal that it was error for the district judge to dismiss his petition without providing him an evidentiary hearing. We affirm.

Olds is serving five to fifteen years on his September 14, 1989, conviction on a rape charge. He did not appeal his sentence or the district court's later order denying his I.C.R. 35 motion for reduction of his sentence. However, on November 12, 1991, Olds filed a petition for post-conviction relief.

Olds asserted in his petition that the Commission treats sex offenders differently from other prisoners upon parole consideration. Olds submitted that it is the policy of the Commission to deny parole to sex offenders and to require these inmates to serve out their entire sentence, including any indeterminate portion specified by the district court. Olds's argument, therefore, is that this alleged policy of the Commission effectively revises the sentence imposed by the court and thwarts the intent of the sentencing judge in imposing an indeterminate term, which recognizes the potential for rehabilitation and provides continuing motivation for good conduct during confinement. See State v. Young, 119 Idaho 510, 513, 808 P.2d 429, 432 (Ct.

App.1991) (Swanstrom, J., specially concurring).

In denying Olds's petition for relief, the district judge reasoned that the petition was premature. He calculated that Olds would not be eligible for parole on the rape charge until December, 1993, and because of an unrelated conviction for robbery, he would be confined in the penitentiary without the possibility of parole until December, 1995. The court also determined that Olds's concerns that he would effectively serve his entire unified sentence because of the policies and practices of the Commission could more properly be raised through a writ of habeas corpus once he becomes parole eligible.

■■■■ Idaho Code section 19–4906 provides the procedure by which a summary judgment may be entered in a proceeding under the Uniform Post-Conviction Procedure Act. Summary disposition must be made only when there are no genuine issues of material fact. State v. Goodrich, 104 Idaho 469, 660 P.2d 934 (1983); I.C. § 19–4906(c). If a genuine issue of fact exists, then the court must accord an evidentiary hearing pursuant to I.C. § 19–4907. Id. Summary dismissal is appropriate even if the petitioner's alleged facts are uncontroverted by the State. Clark v. State, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). While the underlying facts must be regarded as true, the petitioner's conclusions, however, need not be so accepted. Kraft v. State, 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979).

■■■■ On appeal, Olds does not argue that the district court abused its sentencing discretion, but he seeks redress for alleged policies and practices of the Commission through a modification of his sentence. Having been denied a reduction of his sentences on the rape charge and on the robbery charge pursuant to separate I.C.R. 35 motions, Olds insists that the relief he requests is available through a post-conviction petition [1] and that it was error for the court to find his petition premature.

1. Olds relies on a memorandum decision of

Carey, J., in State v. Banks, Ada County District

■ A judge's exercise of discretion in choosing a sentence within lawful limits is not subject to attack by application for post-conviction relief. *Ratliff v. State*, 115 Idaho 840, 771 P.2d 61 (Ct.App.1989). The narrow focus in post-conviction proceedings is upon a legal defect in the sentence itself or in the sentencing procedure. *Id.* Olds's petition, however, points to no error in the sentencing, but to his perceived future ineligibility for parole resulting exclusively from the class of crime for which he is convicted. Nor have we been cited to any authority holding that changes in the alleged policies and procedures of the Commission, which came to light only after the defendant's sentencing, should in any way affect the sentencing judge's decision to modify the term of incarceration for the offense in a post-conviction proceeding. In addition, changes in a defendant's character which occur after a valid conviction is entered and a legal sentence has been imposed are not within the scope of I.C. § 19–4901. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990). In our view, therefore, Olds's allegations regarding the effect of the Commission's policies on his individual sentence do not raise a triable issue in a post-conviction proceeding. We find no error in the district court's decision to summarily dismiss Olds's post-conviction petition.

Olds disputes the district court's finding that his petition was premature. He argues that he is presently impaired by the Commission's policies toward sex offenders which removes the incentives for an inmate to rehabilitate himself when he faces serving the full indeterminate portion of his sentence.

■ Under the Unified Sentencing Act, the court is to set forth the minimum period of confinement, during which the offender is not eligible for parole, and a subsequent indeterminate term. The offender may be considered for parole or discharged at any time during the indeterminate period of the sentence. I.C. § 19–2513. The Commission, whose purpose is to administer the unified sentences as intended in the Act, has the discretion to determine, on an individual basis, when a prisoner may safely be released on parole. I.C. § 20–223; *State v. Young*, 119 Idaho at 513, 808 P.2d at 432 (Swanstrom, J., specially concurring).

> [The Act] also permits a functional differentiation of sentencing responsibilities. Judges can focus primarily on punishment and deterrence in specifying the minimum period of confinement; correctional authorities can focus primarily on rehabilitative progress and safety of society in making a parole decision after the minimum period of confinement has been served.

Burnett, D., *1988 Six–State Judicial Conference Criminal Sentencing Questionnaire, Idaho Responses.*

■ It is evident that Olds had not fully served the fixed portion of his sentence at the time of his post-conviction petition. In addressing a similar claim, the Supreme Court of Louisiana explained:

> Defendant is not yet eligible for parole and does not allege that he has been denied parole. Any claim relating to eligibility for parole should be brought in an appropriate proceeding in an appropriate court at such time as defendant is adversely affected by action or non-action of the parole board.

*State ex rel. Mitchell v. State*, 580 So.2d 906 (La.1991). We agree and hold that the district court did not err in finding Olds's claim premature. Further, the appropriate method for challenging an unlawful commitment or confinement is a writ of habeas corpus which may be brought at any time and is exempt from the time constraints to which post-conviction petitions are subject. I.C. §§ 19–4201 through –4236. We need not address Olds's contention of present

Court Case No. 15201, for the authority to modify a sentence based on evidence not available at sentencing pertaining to the policies and practices of the Commission. This case, however, is

not of precedential value; neither is the relief available on a post-conviction proceeding the same as that available in a Rule 35 motion.

harm from the Commission's alleged policies because this argument is raised for the first time on appeal. *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992).

We affirm the order of the district court dismissing Old's post-conviction petition.

WALTERS, C.J., concurs.

SILAK, J., recused herself after submission of the case but prior to the issuance of the Court's opinion.