**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42153**

| | | |
|---|---|---|
| **RICHARD MYERS CALDWELL,** | ) | **2015 Opinion No. 49** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  August 14, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing in part petition for post-conviction relief and denying in part petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Richard Myers Caldwell appeals from the district court's judgment summarily dismissing part of his petition for post-conviction relief in which he alleged ineffective assistance of counsel.  Caldwell also contends that the district court erred by failing to address Caldwell's claims that his trial counsel was ineffective for failing to consult with him about or file an appeal and that his conditions of confinement violated his Eighth Amendment rights.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2010, a jury found Caldwell guilty of two counts of lewd conduct with a minor child under the age of sixteen, I.C. § 18-1508; five counts of sexual abuse of a minor child under the

1

age of sixteen, I.C. § 18-1506; and acquitted him of one count of lewd conduct. The district court sentenced Caldwell to concurrent unified terms of twenty years, with minimum periods of confinement of three years. Caldwell did not appeal from the judgment of conviction and sentences.

Caldwell filed a petition for post-conviction relief, alleging various claims of ineffective assistance of trial counsel, prosecutorial misconduct, and violations of his Eighth Amendment rights due to the conditions of his confinement. The ineffective assistance of counsel claims included allegations that Caldwell's trial counsel was ineffective for failing to interview and call a psychiatrist on Caldwell's behalf and for failing to consult with him about or file an appeal. The district court appointed counsel, who filed an amended petition that realleged or incorporated most of the claims Caldwell raised in his initial petition, including the ineffective assistance of counsel and Eighth Amendment claims. The state filed an answer and motion for summary dismissal, arguing that the ineffective assistance of counsel claim regarding the failure to interview and call the psychiatrist should be summarily dismissed because the psychiatrist's proffered testimony--that Caldwell did not exhibit pedophilic or criminal sexual tendencies--was inadmissible character evidence. The state's answer provided no other basis for summary dismissal of that claim and did not address Caldwell's ineffective assistance claim regarding the failure to file an appeal of his Eighth Amendment claim. After a hearing, the district court granted summary dismissal of several claims, including the ineffective assistance for failure to call the psychiatrist claim on the basis that the proffered opinion testimony would have been inadmissible, thereby failing to show prejudice. The few remaining claims proceeded to an evidentiary hearing; however, the district court did not specifically address either the failure to file an appeal or Eighth Amendment claim.

At the evidentiary hearing, both Caldwell and his trial counsel testified. Caldwell neither raised nor presented any evidence in support of his failure to file an appeal and Eighth Amendment claims. After the hearing, the district court dismissed the remainder of Caldwell's claims; however, the district court again did not specifically address either the failure to file an appeal or Eighth Amendment claim. Caldwell did not object to this failure or otherwise pursue any post-judgment action to have the failure to file an appeal and Eighth Amendment claims addressed. Caldwell appeals.

2

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to make the most probable inferences that can be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

3

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in his or her favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Caldwell asserts that the district court erred in summarily dismissing his claim of ineffective assistance of trial counsel for failing to interview and call a psychiatrist as a witness. He also argues that this case should be remanded due to the district court's failure to address his claim of ineffective assistance of counsel for failing to file an appeal and his Eighth Amendment

4

claim regarding his conditions of confinement. In response, the state forwards several bases for affirming the summary dismissal, including that Caldwell failed to provide an affidavit from the psychiatrist establishing the substance of the potential testimony. The state also contends that the failure to address the two claims is not grounds for remand, as Caldwell failed to raise or support with evidence either issue at the evidentiary hearing. As a result, the state argues that these claims have been waived and are not preserved for appeal. Alternatively, the state asserts that Caldwell's Eighth Amendment claim regarding the conditions of his confinement could not properly be raised in a post-conviction petition.

## A. Failure to Investigate and Call a Witness

Caldwell contends that the district court erred in summarily dismissing his claim of ineffective assistance of trial counsel for failing to interview and call an expert witness to testify on his behalf. Caldwell argues that the district court's decision was based on its conclusion that the psychiatrist's alleged testimony would have been inadmissible at trial, which he asserts is incorrect. The state properly concedes that, under current law, the district court erred in so concluding. *See State v. Rothwell*, 154 Idaho 125, 131, 294 P.3d 1137, 1143 (Ct. App. 2013) (holding that, for purposes of I.R.E. 404(a)(1), a defendant's morality with respect to minors is a pertinent character trait in cases involving sexual misconduct with a minor). Under *Rothwell*, the psychiatrist's alleged potential opinion testimony that Caldwell did not exhibit pedophilic or criminal sexual tendencies *may* have been admissible, depending on the nature of the testimony that would actually be offered in relation to the charges in this case. *Id.*

The state argues that this Court should overlook this error and affirm the district court's summary dismissal of this claim based on Caldwell's failure to submit an affidavit or other admissible evidence establishing the substance of the proffered testimony. Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order upon the correct theory. *Murray v. State*, 156 Idaho 159, 164, 321 P.3d 709, 714 (2014). The state cites to *Ridgley* as establishing that we should affirm the district court's decision, even if based on an erroneous theory, on the correct basis that Caldwell failed to properly support his claim with an affidavit. The state's reliance on *Ridgley* is misplaced. In *Ridgley*, the district court gave notice of its intent to summarily dismiss five of the petitioner's claims on the basis that they were not supported by admissible evidence. The district court then subsequently dismissed the claims on

the basis of res judicata. *Ridgley*, 148 Idaho at 676, 227 P.3d at 930. The Idaho Supreme Court noted that proper notice of the basis for summary dismissal was required but, because it employed the same standards on appellate review that the trial court applied in considering summary dismissal, if the petitioner failed to provide admissible evidence supporting his claims, they were properly dismissed. *Id.* The Court then concluded that the petitioner had failed to support his claims with admissible evidence and affirmed the summary dismissal. However, this conclusion was premised on the district court's initial notice to the petitioner that his claim was not sufficiently supported--notice that Caldwell did not receive here. Absent such notice, we may not affirm on a theory other than that upon which the district court based the summary dismissal. *Id.*; *see also Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010). Accordingly, *Ridgley* does not support the state's position.

In response, Caldwell contends that the only basis for summary dismissal of which he was provided notice by either the state or the district court was the inadmissibility of the proposed testimony. Thus, he argues, this Court cannot affirm on an alternative theory for which he had no notice as a potential basis for summary dismissal or an opportunity to respond to and remedy below. As previously noted, I.C. § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. Where the state has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). If the district court dismisses on grounds not contained in the state's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter*, 149 Idaho at 865, 243 P.3d at 681.

Caldwell essentially asserts that, because the district court dismissed his petition for post-conviction relief on grounds different than those the state now asserts alternatively on appeal,

affirming the district court's decision on the newly proposed basis would be akin to the district court summarily dismissing his petition on a basis other than what the state provided him notice of. Thus, he claims he was entitled, pursuant to I.C. § 19-4906(b), to twenty days' notice that his petition was subject to dismissal on this new basis, which he did not receive. Accordingly, he argues that summary dismissal may not be affirmed on an alternative basis of which he had no notice. We agree.

The only claimed basis for summarily dismissing Caldwell's ineffective assistance of counsel claim in the state's motion for summary dismissal was that the psychiatrist's proffered testimony would have been inadmissible at trial. This was also the only basis provided by the district court in granting the state's motion. As a result, Caldwell was not provided with any notice as to the alternative basis that the state now proposes for affirming the district court's grant of summary dismissal. Moreover, were we to affirm the grant of summary dismissal on this alternative basis, it would be tantamount to the district court granting summary dismissal on a basis not identified in the state's motion for summary dismissal without the twenty days' notice provided for in I.C. § 19-4906(b). Accordingly, we will not affirm the summary dismissal of this claim on the alternative basis proposed by the state.

As to the actual basis upon which Caldwell's ineffective assistance of trial counsel claim was summarily dismissed, the state asserts that Caldwell has failed to establish that his trial counsel was ineffective for failing to pursue testimony that trial counsel was not aware was admissible at the time of Caldwell's criminal trial. In other words, the state argues that trial counsel cannot be deemed to have provided ineffective assistance for not pursuing testimony that was thought inadmissible under the law at the time.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a

reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Idaho appellate courts generally will not find deficient performance where counsel fails to argue a novel theory in an undeveloped area of law. *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010). Indeed, if the law is not fully articulated or established in Idaho as to admissibility, trial counsel's strategic decision regarding whether to call a certain witness will only be ineffective assistance if the decision was the product of inadequate preparation, ignorance of relevant law, or some other shortcoming capable of objective evaluation. *See State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013); *Howard*, 126 Idaho at 233, 880 P.2d at 263.

Here, *Rothwell* was not decided until three years after Caldwell's criminal trial. The Court in that case decided, *as a matter of first impression*, that morality with respect to minors is a pertinent character trait in cases involving sexual misconduct with a minor and, therefore, opinion testimony to that effect was admissible. *Rothwell*, 154 Idaho at 131, 294 P.3d at 1143. As a result, Caldwell's trial counsel could not have rendered objectively deficient performance for failing to call a witness whose testimony was at least arguably inadmissible under the current understanding of the law, even if that understanding was subsequently proven incorrect. *See Schoger*, 148 Idaho at 630, 226 P.3d at 1277. Even if, as Caldwell alleges, the evidence was clearly admissible under the plain language of I.R.E. 404(a)(1), Caldwell failed to allege facts indicating that his trial counsel's strategic decision not to call the psychiatrist as a witness was the product of inadequate preparation, ignorance of relevant law, or some other shortcoming capable of objective evaluation. Accordingly, Caldwell has failed to raise a genuine issue of material fact in this regard, so the district court did not err in summarily dismissing this claim.

## B.     Unaddressed Claims

Caldwell argues that the district court also erred by failing to address his claims that his trial counsel failed to file or consult with him about an appeal and that his Eighth Amendment

rights were being violated by the conditions of his confinement. Caldwell acknowledges that he did not raise either of these issues at the evidentiary hearing provided by the district court or otherwise object to the district court's exclusion of these issues therefrom. However, he contends that the district court nonetheless erred in failing to address these claims in its findings of fact and conclusions of law following the evidentiary hearing because he raised the issues in his initial and amended petition for post-conviction relief.

### 1.    Eighth Amendment

As a threshold matter, the state argues that Caldwell could not raise his Eighth Amendment claim in a petition for post-conviction relief, making the district court's failure to address this claim immaterial. The Uniform Post-Conviction Procedure Act (UPCPA) sets forth the specific grounds upon which post-conviction relief may be granted, thereby incorporating and replacing all other common law, statutory, or other remedies that were previously available to collaterally challenge a conviction or sentence. I.C. §14-9401; *Eubank v. State*, 130 Idaho 861, 863, 949 P.2d 1068, 1070 (Ct. App. 1997). A writ of habeas corpus, on the other hand, is the appropriate method for challenging the petitioner's conditions of confinement under the Eighth Amendment. *Eubank*, 130 Idaho at 863, 949 P.2d at 1070; *Olds v. State*, 122 Idaho 976, 979, 842 P.2d 312, 315 (Ct. App. 1992); *see also* I.C. § 19-4203(2)(a) (allowing, through writ of habeas corpus, for a constitutional challenge of the conditions of the petitioner's confinement).

Caldwell argues that an Eighth Amendment claim may properly be raised in a petition for post-conviction relief. For support, he cites to *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct. App. 1989). In *Whitehawk*, the petitioner included in his post-conviction petition a claim regarding his treatment while incarcerated. The Court determined that an Eighth Amendment issue regarding the conditions of a petitioner's confinement could be raised in a post-conviction petition. *Id.* at 833, 780 P.2d at 155. We cited to *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct. App. 1987) for support of this proposition, but provided no analysis of that decision. After reviewing *Ramirez*, we conclude that the *Whitehawk* Court's reliance thereon was misplaced.

In *Ramirez*, the petitioner claimed in his post-conviction petition that he received an unreasonably harsh sentence. In affirming the district court's dismissal of this claim, the Court stated:

The claim of excessive sentences also must fail. Post-conviction relief obviously is not a proper avenue for challenging a judge's exercise of discretion, as opposed to his lawful authority, in sentencing. *See* I.C. § 19-4901. *Excessiveness does not equate to illegality unless an Eighth Amendment ("cruel and unusual punishment") issue is raised.* There is no such allegation here. A motion to reduce an allegedly excessive, albeit lawful, sentence may be made under Rule 35, I.C.R., within 120 days after the sentence is imposed. In this case, Ramirez timely filed, pro se, a "Petition Seeking Justice and Reconsider [sic] . . . Resentencing." The trial judge treated the petition as a Rule 35 motion for reduction of sentence and he denied it. Ramirez failed to appeal. The post-conviction relief applications he filed nearly five years later do not now afford us any occasion to reexamine the Rule 35 question.

*Ramirez*, 113 Idaho at 88-89, 741 P.2d at 375-76 (emphasis added). Thus, the Court's decision was based on Ramirez's claim of excessive sentence having already been raised and addressed in a prior I.C.R. 35 proceeding. The Court's statement that "excessiveness does not equate to illegality unless an Eighth Amendment ('cruel and unusual punishment') issue is raised" was made in reference to the Rule 35 motion, not with regard to whether Eighth Amendment claims regarding conditions of confinement could be raised in a petition for post-conviction relief. In other words, the Court was stating that Ramirez's claim of excessive sentence, which attacked the district judge's exercise of discretion in imposing a lawful sentence, could only be raised within 120 days after the sentence was imposed, unlike a claim of an illegal sentence, which could be raised at any time--even five years after it was imposed. *See* I.C.R. 35.

This conclusion is consistent with the applicable statutory scheme as well as this Court's later decisions determining that a state habeas corpus proceeding, not a petition for post-conviction relief, was the proper avenue for raising Eighth Amendment claims regarding a petitioner's conditions of confinement. *See* I.C. § 19-4203(2)(a); *Eubank*, 130 Idaho at 863, 949 P.2d at 1070; *Olds*, 122 Idaho at 979, 842 P.2d at 315; *see also McKinney v. Paskett*, 753 F. Supp. 861, 864 (D. Idaho 1990) (noting that, after passage of the UPCPA, which replaced all common law remedies for the purpose of challenging the validity of a conviction or sentence, the writ of habeas corpus "remains for such issues as challenging the conditions of a prisoner's confinement, but not for contesting a conviction").

As a result, we conclude that the Court in *Whitehawk* misinterpreted *Ramirez*. Stare decisis dictates that we follow controlling precedent unless it is manifestly wrong, it has proven over time to be unjust or unwise, or overturning it is necessary to vindicate plain, obvious

10

principles of law and remedy continued injustice. *Reyes v. Kit Mfg. Co.*, 131 Idaho 239, 240, 953 P.2d 989, 990 (1998); *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009). Because the conclusion in *Whitehawk* that Eighth Amendment claims regarding the conditions of confinement may be properly raised in a post-conviction petition was based on a misinterpretation of the holding in *Ramirez*, that conclusion is manifestly wrong and, accordingly, is overruled. We further reaffirm our holding in *Eubanks* and *Olds*, consistent with I.C. §§ 19-4901 and 19-4203, that the only means of raising an Eighth Amendment claim regarding the conditions of a petitioner's confinement is through a habeas corpus claim. Accordingly, even if the district court had addressed this claim, dismissal would have been the only appropriate action.

### 2. Failure to file an appeal

Caldwell's remaining claim that he argues the district court failed to address pertained to his trial counsel's alleged failure to consult with him about or file an appeal. He asserts that the district court's failure to address this claim in its findings of fact and conclusions of law requires remand and a new evidentiary hearing.

A district court must "make specific findings of fact, and state expressly its conclusions of law," but it need only do so as "relating to *each issue presented.*" I.C. § 19-4907(a) (emphasis added). The purpose of this requirement is to afford an appellate court an adequate basis upon which to review the district court's decision when a petition for post-conviction relief has been denied following an evidentiary hearing. *See Davis v. State*, 116 Idaho 401, 405, 775 P.2d 1243, 1247 (Ct. App. 1989); *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App. 1985). However, as suggested by the language of I.C. § 19-4907(a), failing to present evidence in support of a properly raised post-conviction claim at an evidentiary hearing subjects that claim to dismissal. *Loveland v. State*, 141 Idaho 933, 936, 120 P.2d 751, 754 (Ct. App. 2005). This remains true even if the petitioner previously submitted supporting affidavits, such as a verified petition for post-conviction relief. *See id.* (holding that the petitioner's verified petition did not constitute evidence unless it was introduced into evidence at the evidentiary hearing). In *Loveland*, based on the foregoing analysis, we concluded that the district court did not err in dismissing the petitioner's claim that his trial counsel had ignored his request to file an appeal because, at the evidentiary hearing, the petitioner "declined to present any evidence" to support

11

that claim. *Id.* Caldwell attempts to distinguish *Loveland* by asserting that the district court addressed the petitioner's claim that his trial counsel had failed to file an appeal, but found that he had presented no evidence in support thereof, whereas the district court here did not address either of Caldwell's claims at the evidentiary hearing or in its findings of fact and conclusions of law.

We conclude that this distinction does not reveal a substantive difference. The district court here did not address Caldwell's claim of failure to file an appeal, but this does not affect Caldwell's failure to raise these issues or present any evidence in support thereof at or after the evidentiary hearing. Indeed, although Caldwell's initial petition raised the issue of failure to file an appeal, which was then attached to the amended petition, Caldwell failed to correct the district court when it noted the claims that were summarily dismissed and those that would proceed to an evidentiary hearing--neither of which included the failure to file an appeal claim--at the conclusion of the summary dismissal hearing. Caldwell further declined to raise or present any evidence in support of this claim at the evidentiary hearing. He also failed to present any supplemental argument or briefing in support of this unaddressed claim at the conclusion of the hearing despite having the opportunity to do so. And Caldwell declined to raise the district court's failure to address this claim in its findings of fact and conclusions of law following the evidentiary hearing via any post-judgment procedural avenue available to him. *See* I.R.C.P. 11(a)(2)(B) (motion for reconsideration), I.R.C.P. 52(b) (motion to amend findings or conclusions or make additional findings or conclusions), I.R.C.P. 59(e) (motion to alter or amend judgment), I.R.C.P. 60(b) (motion for relief from adverse judgment). As a result, Caldwell waived this claim and failed to preserve it for appeal. *See Loveland*, 141 Idaho at 936, 120 P.2d at 754. Thus, even absent acknowledgement by the district court, Caldwell still failed to raise, much less meet his burden of presenting admissible evidence in support of, this claim. Accordingly, its dismissal along with the rest of Caldwell's post-conviction petition following the evidentiary hearing was proper.

## IV.

## CONCLUSION

Caldwell has failed to raise a genuine issue of material fact as to whether his trial counsel was ineffective for failing to interview or call the psychiatrist as a witness. Moreover,

12

Caldwell's Eighth Amendment claim regarding the then-current conditions of his confinement may not be raised in a petition for post-conviction relief. Finally, Caldwell has not established that the unaddressed claim of ineffective assistance of trial counsel for failing to consult with him about or file an appeal was not waived due to Caldwell's failure to raise that issue or present any evidence in support thereof at the evidentiary hearing. Accordingly, the district court's judgment summarily dismissing part of Caldwell's petition for post-conviction relief and its judgment denying the remainder of Caldwell's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ, **CONCURS**.

Judge GRATTON, **SPECIALLY CONCURRING**

I concur. However, I do not agree that the State's basis for summary dismissal--that he failed to raise a genuine issue of material fact and that the asserted expert testimony was inadmissible--failed to put Caldwell on notice that his claimed expert testimony was insufficiently supported by the record.

Caldwell alleged in his petition that the expert would render an opinion that Caldwell "did not exhibit pedophilic or criminal sexual tendencies." The State asserted in its answer that the expert would not be allowed to render such an opinion at trial and that the purported evidence was inadmissible. In its motion for summary dismissal, the State contended that "Richard Caldwell's ineffective assistance of counsel claims fail to raise a genuine issue of material fact regarding both deficient performance and resulting prejudice." In its brief, the State argued that "the Idaho Rules of Evidence prohibit such testimony at trial." Caldwell filed nothing in opposition to the State's motion. At oral argument, neither counsel for the State nor Caldwell specifically addressed the claim. In ruling on the claim, the district court first stated: "I'm not sure how you get that evidence in." Thereafter, the court indicated that its own research suggested that the purported evidence appeared to be precluded character evidence.

Caldwell made a bare and conclusory statement about what a claimed expert would say at trial. In response to the motion to dismiss, he provided no affidavit. He provided no evidence or other documentation from the expert as to what he might say. He provided no qualifications of the expert to render any opinion at all. He provided no evidence of any basis by which the expert could render any such opinion, other than in excerpts from his initial petition contending that the

13

expert was one of three who had documented his post-traumatic stress disorder. He did not suggest how the opinion would be admissible. He failed to argue how any specific rules of evidence might bear on such testimony. He did not ever cite to Idaho Rule of Evidence 404(a)(1), or how it might be read to allow such testimony, even though he now claims on appeal that trial counsel was ineffective for failing to make such an argument years before. He claims on appeal that he was not required to cite to any evidentiary rule or make any argument at all to withstand summary dismissal. Apparently, Caldwell believed that it was appropriately left to the district court to engage in an academic exercise of determining potential admissibility depending upon unknown context, expertise, and actual opinion.

In its motion, the State contended that Caldwell's claim failed to raise a genuine issue as to both *Strickland*[1] prongs, something Caldwell overlooks. But, the fact is, that is true. Caldwell made one bare and unsubstantiated claim as to an opinion he believed the expert would testify to. A statement about what a witness might testify to in a petition for post-conviction relief does nothing to raise a genuine issue of material fact necessary to prevent summary dismissal. *Cootz v. State*, 129 Idaho 360, 370-71, 924 P.2d 622, 632-33 (Ct. App. 1996). Thus, he failed to raise any genuine issue and he was expressly provided notice of that ground for dismissal.

I recognize that at least some of the language used in the State's answer and brief in support of summary dismissal was aimed at some perceived bar to the purported testimony under the rules of evidence, although no specific rule was cited. Even though he made no argument whatsoever in the district court, on appeal, Caldwell suggests that the only notice of the basis for summary dismissal he received was that the evidence was inadmissible, focusing on the question of whether Rule 404(a)(1) would allow the evidence as character evidence based upon our recent holding in *State v. Rothwell*, 154 Idaho 125, 294 P.3d 1137 (Ct. App. 2013).

In his reply brief, Caldwell contends:

> Here, the district court's only reason for summary dismissal of the claim that trial counsel was ineffective for failing to interview Dr. Atkins and call him as a witness was that the evidence was inadmissible. That was [] also the only reason provided by the State. The claim was not dismissed because the amended petition contained no evidence supporting the assertion that Dr. Atkins would have testified that Mr. Caldwell did not exhibit pedophilic or criminal sexual

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

14

tendencies. Thus, the district court's dismissal of the claim may not be affirmed on the State's alternative theory, because Mr. Caldwell did not have any prior notice of that basis for dismissing the claim. *Cf. Baxter v. State*, 149 Idaho 859, 864-65 (Ct. App. 2010) (affirming the district court's summary dismissal decision on alternate grounds for which the petition was given prior notice). Had Mr. Caldwell received adequate notice that the claim would be dismissed because the amended petition contained no evidence supporting the assertion that Dr. Atkins would have testified that Mr. Caldwell did not exhibit pedophilic or criminal sexual tendencies, he could have taken steps to save the claim by submitting a response with an affidavit from Dr. Atkins detailing the substance of his potential testimony, or, if Dr. Atkins were unwilling or otherwise unable to provide an affidavit, an affidavit explaining what the evidence would have been and why Mr. Caldwell was unable to get it.

So in essence, Caldwell contends that the challenge to the admissibility of his purported expert testimony was insufficient to advise him that he had to demonstrate, as a threshold matter, that he actually had some testimony to proffer beyond his bare assertion. I am quite comfortably of the view that a post-conviction claim of ineffective assistance of counsel for failing to introduce testimony must actually be based upon some evidence beyond the petitioner's mere assertion to withstand summary dismissal. That is true whether the stated basis for summary dismissal includes that it is a bare and unsubstantiated claim, the lack of a genuine issue of material fact, failure to satisfy the *Strickland* prongs, or a general or specific claim that such evidence would not be admissible. Any such claim provides the requisite notice to require the petitioner to present a prima facie case warranting an evidentiary hearing. In this context, that prima facie case, at a minimum, includes, as Caldwell acknowledges in his reply brief, an affidavit or some other evidence of the testimony beyond the mere assertion[2] and its

---

[2] Caldwell cites to *Knutsen v. State*, 144 Idaho 433, 443, 163 P.3d 222, 232 (Ct. App. 2007), for the proposition that "an ineffective assistance claim based on counsel's failure to present evidence cannot satisfy the deficient performance or resulting prejudice prongs without providing the substance of the potential testimony or admissible evidence of facts counsel should have discovered and presented." He contends therefrom that his bare assertion of what the expert might say satisfied the requirement of "providing the substance of the potential testimony." He misreads *Knutsen*. *Knutsen* requires *evidence* in whatever form it may appropriately take. This is readily seen from a reading of *Cootz v. State*, 129 Idaho 360, 370-71, 924 P.2d 622, 632-33 (Ct. App. 1996), which *Knutsen* cited for the above-quoted proposition. *Cootz* involved an application for post-conviction relief based upon a claim of ineffective assistance of counsel for failing to present certain testimony. The *Cootz* court clearly set out the

admissibility, which would include relevancy and its limits and competency of the witness to testify. Caldwell failed to do so and summary dismissal was appropriate on that basis.



requirement: "An application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information. Absent the witnesses or verifiability of the facts to which they could testify, the application will be deemed insufficient to raise material issues of fact to justify an evidentiary hearing." *Id*. That is precisely the situation in this case.