IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46446

SAMUEL CARL NEYHART,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)  **Filed: March 31, 2020**
)
)  **Karel A. Lehrman, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)
)

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Ronald J. Wilper and Hon. Thomas J. Ryan, District Judges.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

———————————————————

BRAILSFORD, Judge

Samuel Carl Neyhart appeals from the judgment of the district court denying his petition for post-conviction relief following an evidentiary hearing. He also appeals the district court's denial of the State's motion for summary dismissal. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2013, Neyhart was charged with three counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. A jury convicted Neyhart of all three counts; Neyhart appealed; and this Court affirmed the judgment and sentences. *State v. Neyhart*, 160 Idaho 746, 378 P.3d 1045 (Ct. App. 2016), *rev. denied*. In that decision, this Court set forth in detail the facts underlying Neyhart's conviction. *Id.* at 749-50, 378 P.3d at 1048-49. Neyhart filed a petition for writ of certiorari, which the United States Supreme Court denied. *Neyhart v. Idaho*, ___ U.S. ___, 137 S. Ct. 672 (2017).

Thereafter, Neyhart filed a pro se petition for post-conviction relief, alleging sixteen instances of ineffective assistance of counsel and fourteen instances of Fifth, Sixth, and Fourteenth Amendment violations. The district court appointed counsel for Neyhart, who filed an amended petition. In the amended petition, Neyhart narrowed his allegations to eleven claims. In response, the State filed an answer, a motion for summary dismissal, and a supporting brief in which the State addressed each of Neyhart's eleven claims.

Neyhart opposed the State's summary dismissal motion. Neyhart's opposition, however, only addressed five of the eleven claims the State challenged. These five claims included ineffective assistance of counsel claims for (1) failing to investigate impeachment material; (2) failing to file a timely motion under Rule 412 of the Idaho Rules of Evidence; (3) failing to move for a mistrial; (4) failing to withdraw after the attorney-client relationship purportedly broke down; and (5) a *Brady*[1] violation.

At the hearing on the State's summary dismissal motion, the district court asked Neyhart's counsel to identify the "precise issues" Neyhart was asserting because "[t]here was no sense in arguing about issues that [were not] issues." Neyhart's counsel responded that Neyhart's written opposition to the State's motion narrowed the issues and then identified for the court the same five claims addressed in that written opposition. The State agreed with Neyhart's identification of the five pending claims.

After the summary dismissal hearing, Neyhart's post-conviction case was reassigned to a different district court judge. The reassigned judge reviewed the audio recording of the prior summary dismissal hearing and issued a written order denying the State's motion. In that order, the court specifically identified Neyhart's four claims of ineffective assistance of counsel, which were the subject of the summary dismissal hearing; concluded that these claims established a prima facie case of ineffective assistance of counsel; and ordered an evidentiary hearing. The court, however, did not address any of Neyhart's other claims.

Before the evidentiary hearing, Neyhart's post-conviction case was again reassigned to a different district court judge. At the beginning of the evidentiary hearing, the parties agreed the only claims for purposes of the hearing were Neyhart's four claims of ineffective assistance of counsel identified in the order denying the State's summary dismissal motion:

---

[1]     *Brady v. Maryland*, 373 U.S. 88 (1963).

| | |
|---|---|
| Court: | So do either counsel have any preliminary matters that they want to take up? |
| Prosecutor: | I do, Your Honor. . . . [the district court] decided there's only four issues to be addressed . . . . So we would ask that we stick strictly to those four items. |
| Court: | [Defense Counsel]? |
| Defense: | Well, judge, I agree with [the Prosecutor] that there are four specific issues before this court. |

After the evidentiary hearing, the district court entered a written decision denying Neyhart's petition for post-conviction relief. In that decision, the court again only addressed Neyhart's four claims of ineffective assistance of counsel. The court concluded Neyhart failed to meet his burden of proof by a preponderance of evidence that his trial counsel's performance was deficient or that Neyhart was prejudiced. Neyhart timely appeals.

## II.

## ANALYSIS

### A.    Ineffective Assistance of Counsel Claims Not Addressed by District Court

On appeal, Neyhart challenges the district court's denial of the State's summary dismissal motion. Specifically, Neyhart argues the court failed to address two of his alleged claims in its denial and should have permitted those claims to proceed to an evidentiary hearing. Neyhart characterizes the court's silence on these claims as "summarily dismissing non-argued but adequately pleaded claims." The two unaddressed claims include that Neyhart's trial counsel was ineffective for failing to move to suppress evidence of Neyhart's post-arrest, post-*Miranda*[2] silence and for failing to assert certain evidentiary objections to protect Neyhart's Confrontation Clause rights. The State responds that Neyhart did not preserve these unaddressed claims for appeal because he failed to obtain an adverse ruling on them or that he otherwise waived the claims. We agree Neyhart waived the unaddressed claims and failed to preserve them for appeal.

The record must reveal an adverse ruling that forms the basis for an assignment of error for this Court to address an issue on appeal. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (2008). An appellate court will not hold that a trial court erred in resolving an issue it did not have an opportunity to address. *State v. Gonzalez*, 165 Idaho 95, 98, 439 P.3d 1267, 1270 (2019). This Court has previously held that, when a district court fails to address a claim for post-conviction relief and the petitioner does not correct the court's failure, the petitioner

---

[2]    *Miranda v. Arizona*, 384 U.S. 436 (1966).

waives the claim and does not preserve it for appeal. *Caldwell v. State*, 159 Idaho 233, 242, 358 P.3d 794, 803 (Ct. App. 2015).

In *Caldwell*, the petitioner alleged several claims in his petition for post-conviction relief, including that his counsel was ineffective for failing to file an appeal. *Id.* at 236, 358 P.3d at 797. In response, the State filed an answer and a motion for summary dismissal, but it provided no basis for dismissing the petitioner's claim regarding the failure to file an appeal. *Id.* At the conclusion of the hearing on the State's summary dismissal motion, the district court noted those claims which were summarily dismissed and those which would proceed to an evidentiary hearing--neither of which category included the petitioner's claim regarding the failure to file an appeal. *Id.* at 242, 358 P.3d at 803. The petitioner did not notify the court that it had failed to address this claim at the summary dismissal stage. *Id.* Further, the petitioner failed to present any evidence in support of the claim at the evidentiary hearing; failed to present any argument or briefing about the claim at the hearing's conclusion; and failed to raise the court's omission of the claim from its findings of fact and conclusions of law despite numerous available post-judgment motions, including a motion for reconsideration, to amend the findings and conclusions, to alter or amend the judgment, or for relief from the judgment. *Id.* As a result, this Court held that the petitioner waived the unaddressed claim and failed to preserve it for appeal. *Id.*; *see also* I.C. § 19-4907(a) (failing to present evidence in support of properly raised claim at evidentiary hearing subjects claim to dismissal).

Just as in *Caldwell*, Neyhart did not correct the district court's failure to rule on his unaddressed claims. Neyhart had multiple opportunities to assert these claims. At each available opportunity, however, he indicated the claims were not at issue, including by omitting them from his written opposition to the State's summary dismissal motion; by responding to the court's specific inquiry about what claims were at issue at the summary dismissal hearing; and by agreeing with the State that the two unaddressed claims were not at issue during the evidentiary hearing. By indicating he was no longer asserting these claims, Neyhart deprived the State of the opportunity to present evidence or otherwise make a record on the issues, and he deprived the district court of the opportunity to make the requisite factual findings to resolve the claims. *See Huntsman*, 146 Idaho at 586, 199 P.3d at 161 (declining to address issue where State not given opportunity to present evidence and court not given opportunity to make factual findings). Whether Neyhart's trial counsel's performance was deficient for failing to move to suppress

4

evidence and to make certain evidentiary objections and whether Neyhart was prejudiced by these purported deficiencies are fact-intensive inquiries. Absent factual findings and rulings on these issues, no basis for an assignment of error exists. Accordingly, Neyhart waived the unaddressed claims and failed to preserve them for appeal.

We disagree with Neyhart's argument that his appeal of the denial of the State's summary judgment motion should be treated the same as an appeal of a grant of summary dismissal following a notice of intent to dismiss under I.C. § 19-4906(b). In support, Neyhart relies on *Garza v. State*, 139 Idaho 533, 82 P.3d 445 (2003), *abrogated on other grounds by Verska v. St. Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). In *Garza*, the petitioner filed an amended petition for post-conviction relief, asserting numerous claims. *Id.* at 534-35, 82 P.3d at 446-47. The district court held an evidentiary hearing on one claim but entered a notice of intent to dismiss the remaining claims. *Id.* at 535, 82 P.3d at 47. Garza never responded to the court's notice of intent to dismiss. After an evidentiary hearing, the court denied Garza's claim, which was the subject of the hearing, and also summarily dismissed Garza's remaining claims, which were the subject of the notice of intent to dismiss. At issue was whether Garza was barred from appealing a dismissal of those claims subject to the notice of intent despite having failed to respond to that notice under I.C. § 19-4906(b). *Garza*, 139 Idaho at 535, 82 P.3d at 47.

Addressing this issue, the Idaho Supreme Court relied on a legislative report regarding I.C. § 19-4906 to interpret the statute's meaning and concluded:

> [The] legislators viewed the 20-day reply period as an opportunity to submit an amended application, not as a requirement to receiving a ruling on the merits of an application. . . . Nowhere in the Report does it state that only petitioners who reply to the notice of intent to dismiss may appeal.

*Garza*, 139 Idaho at 537, 82 P.3d at 449. Based on this conclusion, the Court held that a dismissal under I.C. § 19-4906(b) determines the merits of the claims and is subject to appellate review even if the petitioner did not respond to the notice of intent to dismiss. *Garza*, 139 Idaho at 537, 82 P.3d at 449.

*Garza* is inapposite, and the issue in this case is distinguishable. The most significant distinction is that in *Garza*, the district court actually entered a ruling on the merits of Garza's claims--namely the court issued a notice of intent to dismiss Garza's claims and then summarily dismissed them based on that notice. In contrast, the district court in this case never entered a ruling on the merits of the claims Neyhart attempts to raise on appeal. The absence of such a

ruling is undoubtedly the result of Neyhart's representations at the summary dismissal and the evidentiary hearings that only four claims were at issue. Although Neyhart asserts on appeal that he had no obligation to obtain a ruling on the State's motion, he had an obligation to obtain an adverse ruling on his unaddressed claims for purposes of preserving his right to appeal them.

Moreover, a denial of a summary dismissal order is not a final, appealable order. Post-conviction actions are civil in nature, and except for discovery matters, they are governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907(a); I.C.R. 57(b). Accordingly, the summary dismissal of a post-conviction action under I.C. § 19-4906 is procedurally equivalent to a summary judgment under Rule 56 of the Idaho Rules of Civil Procedure in other types of civil actions. *Takhsilov v. State*, 161 Idaho 669, 672, 389 P.3d 955, 958 (2016). As a general principle, an order denying a motion for summary judgment is nonappealable, even when questioned on appeal taken from a separate, appealable order or judgment. *Keeler v. Keeler*, 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct. App. 1993). Likewise, this principle applies to an order denying a motion for summary dismissal in post-conviction cases--such an order is generally not appealable or reviewable.

**B.      Ineffective Assistance of Counsel for Failure to Timely File an I.R.E. 412 Motion**

Neyhart also appeals the district court's denial of one of his claims which was addressed at the evidentiary hearing. That claim is Neyhart's allegation that his trial counsel was ineffective for failing to file a timely motion under I.R.E. 412 to proffer evidence of the victim's "past sexual behavior." This proffer related to the victim's statements made during a videotaped interview that she had experienced inappropriate sexual conduct with another child. The district court rejected Neyhart's claim following the evidentiary hearing and ruled the claim failed "both prongs of the *Strickland*[3] test because the trial court would have denied the motion even if it had been timely filed."

The two-prong test requires that, to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988);

---

[3]      *Strickland v. Washington*, 466 U.S. 668 (1984).

*Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter v. State*, 149 Idaho 859, 862, 243 P.3d 675, 678 (Ct. App. 2010).

Neyhart challenges the district court's purported finding that the trial court decided his late-filed Rule 412 motion on the merits. Specifically Neyhart characterizes the district court as finding that "the trial court . . . decided to reach the merits of the motion" and "clearly indicat[ed] that it would not grant the motion." Neyhart contends these findings are not supported by substantial evidence because "[t]he record actually shows [the trial court] excluded the evidence because the notice was untimely." Neyhart's argument both mischaracterizes and misconstrues the district court's decision.

Contrary to Neyhart's characterization, the district court did not conclude that the trial court actually ruled on the merits of the motion. Rather, the district court correctly noted, when a post-conviction claim challenges trial counsel's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of that motion to determine whether the attorney's failure constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the trial court would not have granted the motion, if pursued, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. This rule likewise applies to a claim that trial counsel failed to file a timely motion.

7

Applying this rule, the district court concluded that it did not have "to analyze whether the trial court would have granted [Neyhart's] motion had it been timely filed because the trial court made comments on the record clearly indicating that it would not grant the motion." In other words, the court did not need to consider the probability of success of Neyhart's untimely motion because the trial court specifically stated that it would not have granted the motion, even if Neyhart had timely filed the motion.

The district court's ruling is supported by the evidence. When addressing Neyhart's late-filed Rule 412 motion, the trial court clearly indicated it would not have granted the motion even if timely filed:

> Even beyond [the motion's untimeliness], I am to look at Rule 403; and it would seem to me that the nature of this questioning is, for example, by cross examination, the child is asked, well, isn't it true that this happened to you by someone else, well that question, in and of itself, in my view, is violative of 412.
>
> If the child answers yes, then, I guess, there's no impeachment to ask about it; but the jury is left with this question of potentially misleading information about, well, was this another adult, was it a five- or six-year-old child? And to me, that is, under 403, potential for misleading.
>
> If the child answers no, and then we have to get into an impeachment question about, well, what about this child, when you were five or six, now four or five years ago, and what you said about her? To me, under Rule 403, again, I would find that to be potentially misleading, putting us into the issue of having to, then, try whether she and [the child] engaged in some type of untoward conduct, whether it was an abuse or whether these children were involved in mutual play, or whatever you want to characterize that; but I believe its potential under 403 to go farther than I want to allow at this juncture that to go.
>
> . . . .
>
> And so at this point I am prohibiting that. This is a motion in limine, if you will. The child may open the door. Someone else may open the door to that. What I would ask, [defense counsel], is if you feel the door has been opened, please, make a proffer and ask for time outside the jury's presence. But I will direct you not to talk about it, obviously, in opening or anything like that, because I am prohibiting that at this point, pending further issues in the case.

Although the trial court denied Neyhart's Rule 412 motion as untimely, the trial court's comments also show that the motion would not have likely succeeded regardless because the trial court viewed the potential evidence as too prejudicial under Rule 403. That the motion would not have likely been successful is determinative of both prongs of the *Strickland* test, as the district court correctly concluded. *See Lint*, 145 Idaho 477-78, 180 P.3d at 516-17 (noting conclusion that trial court would not have granted motion is determinative of both prongs of *Strickland* test).

8

Moreover, the record reflects that, despite the trial court's denial of Neyhart's late-filed Rule 412 motion, the State actually admitted the evidence which was the subject of that motion, causing the trial court to withdraw its prior order prohibiting Neyhart from using the evidence:

> Counsel, with the evidence just being played to the jury, particularly regarding conduct with [the other child], my prior ruling under 412 is withdrawn. That evidence is clearly before the jury now; and, obviously, 403 still applies, and questions of concern for waste of time and that kind of thing apply. But certainly, the prohibition is no longer there, just wanted that clear for the record.

As a result, Neyhart was free to cross-examine the victim about her alleged prior sexual behavior, and Neyhart has failed to prove by a preponderance of the evidence that failing to timely file a Rule 412 motion resulted in any prejudice.

## III.

## CONCLUSION

Neyhart failed to preserve for appeal and waived the two claims which the district court did not address but that he raises on appeal, including that his counsel was ineffective for failing to move to suppress evidence and failing to make certain evidentiary objections. Further, the district court did not err in denying Neyhart's ineffective assistance of counsel claim for failure to timely file a Rule 412 motion. Accordingly, the district court's judgment denying Neyhart's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.

9