**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48370**

| | |
|---|---|
| ROBBERT WAYNE LAVERDURE, ) | |
| ) | **Filed: April 5, 2022** |
| Petitioner-Appellant, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Robbert Wayne Laverdure appeals from the district court's summary dismissal of his petition for post-conviction relief. Laverdure contends the court erred in summarily dismissing his claim of ineffective assistance of counsel related to Laverdure's motion under Idaho Criminal Rule 35. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Laverdure's petition for post-conviction relief relates to his motion under Idaho Criminal Rule 35 for a reduction of his sentences in four different underlying criminal cases. *See State v. Laverdure*, Docket Nos. 46951, 46952, 46953, 46954 (Ct. App. Nov. 27, 2019) (unpublished) (addressing appeal of denial of Rule 35 motion). Initially in three 2014 cases, Laverdure pled guilty to attempted strangulation and three counts of felony intimidating a witness. The district

1

court imposed a unified sentence of fifteen years with five years determinate for attempted strangulation and consecutive five-year determinate terms for each count of intimidating a witness, and it retained jurisdiction. After this period of retained jurisdiction, the court suspended Laverdure's sentences and placed him on probation. Thereafter, the State filed a probation violation report, and the court revoked Laverdure's probation, executed the underlying sentences, and retained jurisdiction a second time. After Laverdure completed this second period of retained jurisdiction, the court again suspended his sentences and placed him on probation.

Subsequently, in January 2018, the State charged Laverdure with multiple new crimes including forgery, grand theft, and driving without privileges. Laverdure pled guilty to forgery and admitted violating his probation in the 2014 cases. The district court imposed a consecutive unified sentence of ten years with four years determinate for forgery, revoked probation in the 2014 cases, and retained jurisdiction in all of the cases. Following this third period of retained jurisdiction, the court again suspended Laverdure's sentences and placed him on probation.

In November 2018, the State filed a probation violation report alleging Laverdure had violated his probation by (1) committing rape, (2) committing theft, (3) consuming alcohol, (4) entering an establishment with alcohol as a primary source of revenue, (5) traveling outside his assigned district, (6) moving out of his approved residence and failing to report the move, (7) failing to report he was terminated from his employment, and (8) committing telephone harassment. At the probation violation hearing, the State withdrew its allegations relating to (1) rape, (3) consuming alcohol, and (8) telephone harassment. Further, the prosecutor amended its allegations in (2) from committing theft to "probable cause exists to believe [Laverdure] committed the crime of petit theft" and in (7) from being terminated from his employment to Laverdure "quit[ting] his job without first obtaining permission." With these amendments, Laverdure admitted to allegations (2) committing petit theft, (4) entering a drinking establishment, (5) traveling outside the district, (6) failing to report moving out of his residence, and (7) quitting his employment without permission. Because of these admitted violations, the district court revoked Laverdure's probation and executed all of his sentences.

Thereafter, Laverdure filed a Rule 35 motion for a reduction of his sentences. At the hearing on the motion, the district court denied Laverdure's motion and then explained its prior revocation of his probation following the State's November 2018 probation violation report. In

2

doing so, the court mistakenly referred to a felony rape charge instead of an allegation of felony rape:

> The probation violation that created the tipping point where [Laverdure] was sent to prison without consideration of a rider consisted of--there was a charge for felony rape, but there was all sorts of deception that were [sic] involved, and later that was amended to petit theft, astonishingly enough. [Laverdure] was [drinking], traveled outside the district [multiple times] in a month, moved out-- without the approval of his probation officer, lost his employment.

Laverdure appealed the district court's denial of his Rule 35 motion, arguing that his sentences were excessive and that the district court abused its discretion by imposing the sentences consecutively instead of concurrently. In support, Laverdure relied on his testimony at the probation violation hearing; noted that he had not committed violent crimes; and stated he was investigated for but never charged with rape. Additionally, Laverdure challenged the court's statement (quoted above) at the Rule 35 hearing and asserted "there is no indication a charge of rape was amended to petit theft."

This Court rejected Laverdure's appellate arguments and affirmed the district court's denial of his Rule 35 motion. *Laverdure*, Docket Nos. 46951, 46952, 46953, 46954 at \*2. It noted that "the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion." *Id*. Because Laverdure did not support his Rule 35 motion with "new or additional information," this Court ruled the district court did not abuse its discretion by denying his Rule 35 motion. *Laverdure*, Docket Nos. 46951, 46952, 46953, 46954 at \*2.

In May 2020, Laverdure filed a pro se petition for post-conviction relief and a supporting affidavit. As related to this appeal, Laverdure alleged ineffective assistance of counsel during the hearing on the Rule 35 motion because his counsel did not object to the district court's statement about "felony rape." As relief, Laverdure requested in his petition to have his sentences modified or to have his sentences run concurrently. The State answered Laverdure's petition and filed a motion for summary dismissal. In support, the State argued, among other things, that Laverdure could not assert a post-conviction claim challenging his sentences as excessive. Counsel responded to the State's summary dismissal motion on Laverdure's behalf, arguing that the court abused its discretion by relinquishing jurisdiction and imposing consecutive sentences and that his trial counsel was ineffective for failing to object to the court's "unfounded statements regarding felony rape."

3

During a hearing on the State's summary dismissal motion, the district court granted the motion, stating:

> I am going to grant the motion for summary dismissal really on all the grounds stated by the [State]. I do think that this is clearly--I think it is a collateral attack on the manner that the Court exercised. No matter how [Laverdure] wants to slice and dice it here today and categorize it, it's not a procedural issue. It's simply [Laverdure] taking umbrage in the manner in which the Court exercised its discretion. It was in the Rule 35 context. It's not in the original sentencing context, and it's not even in the probation violation disposition context, so it really is a collateral attack on only the manner.
>
> I also do find specifically that neither prong . . . of [*Strickland v. Washington*, 466 U.S. 668 (1984)] has been met, and yeah, I'm not even going to go into the factual basis and some of the issues that were raised factually or factual characterizations that were made by [Laverdure]. Those really--while I disagree with them, it's not even worth talking about because really from a purely legal standpoint this petition has to be dismissed, and so I'm granting the summary dismissal.

Laverdure timely appeals the summary dismissal of his petition for post-conviction relief.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

5

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Laverdure limits his post-conviction claim to his allegation that his counsel was ineffective for failing to object to the district court's reference to "a charge of felony rape" at the Rule 35 hearing.[1] As an initial matter, Laverdure argues he "should be able to pursue" this claim as a post-conviction claim. In support, Laverdure relies on *Murray*, 121 Idaho 918, 828 P.2d 1323.

In *Murray*, this Court held that a petitioner may properly bring a post-conviction claim of ineffective assistance of counsel based on his counsel's failure to file a Rule 35 motion. *Murray*, 121 Idaho at 924, 828 P.2d at 1329. The Court also noted, however, that "a claim that a sentence is unduly harsh affords no basis for post-conviction relief if the sentence is otherwise legal." *Id.* at 922, 828 P.2d at 1327. "[P]ost-conviction relief is limited in scope with respect to criminal sentencing." *Ratliff v. State*, 115 Idaho 840, 842, 771 P.2d 61, 63 (Ct. App. 1989). "A judge's exercise of discretion, in choosing a sentence within lawful limits is not subject to attack by an application for post-conviction relief." *Id.* "The narrow focus of a post-conviction proceeding is

---

[1]     In addition to the district court's mistaken reference to a felony rape charge, Laverdure identifies another purported mistake, claiming the court incorrectly stated the felony rape charge had been amended to a charge of petit theft. In support, Laverdure relies on the court's statement during the Rule 35 hearing that "there was a charge for felony rape, but there was all sorts of deception that were [sic] involved, and later that was amended to petit theft, astonishingly enough." Laverdure characterizes this statement as the court "expressing great concern about [his] criminal history, including the charge of felony rape that, possibly through deception, was 'astonishingly' amended to petit theft." Although the court's statement is inarticulate, we decline to accept Laverdure's anomalous characterization of it as stating a charge of felony rape was amended to petit theft. Based on the record, the more plausible and reasonable interpretation of the court's statement is that the State's allegation in its probation violation report of theft was amended to petit theft--which is accurate. Accordingly, our analysis only addresses the court's reference to a felony rape charge in lieu of an allegation of felony rape.

upon any legal defect in the sentence itself or in the sentencing procedure." *Id.*; *see also Olds v. State*, 122 Idaho 976, 979, 842 P.2d 312, 315 (Ct. App. 1992) (same).

To avoid the rule in *Murray* that the sentencing court's exercise of discretion is not subject to a collateral, post-conviction attack, Laverdure denies that his claim challenges the district court's exercise of discretion in sentencing. Specifically, Laverdure states that he "does not take issue with the manner in which the district court exercised its discretion in denying his Rule 35" but rather, "he takes issue with his attorney's failure to object, which resulted in the district court relying on incorrect information in exercising its discretion." Laverdure's request for relief in his post-conviction petition, however, belies his assertion that his post-conviction claim is not a collateral attack on the court's sentencing discretion. As relief, Laverdure requests that the court modify the length of his sentences or order them to run concurrently. He does not seek, for example, another Rule 35 hearing. To the extent Laverdure seeks modification of his otherwise lawful sentences, such relief is beyond the scope of post-conviction relief. In that event, summary dismissal was appropriate. *See Murray*, 121 Idaho at 922, 828 P.2d at 1327 (stating summary dismissal is appropriate if form of relief the petitioner seeks is not available under post-conviction relief act).

Moreover, Laverdure fails to establish a genuine issue of material fact that his counsel was ineffective. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To avoid summary dismissal of an ineffective assistance of counsel claim, the petitioner must establish a genuine issue of material fact that the attorney's performance was deficient and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 117; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other

shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

On appeal, Laverdure notes he was not charged with felony rape and argues "the district court was clearly concerned about something that was factually untrue" and that his counsel "had a duty to correct the district court's misunderstanding." Other than asserting his counsel should have "objected," however, Laverdure does not explain how his counsel was required to correct the court's misstatement that there was a "felony charge of rape" versus an allegation of felony rape. That Laverdure's trial counsel did not object to the court's misstatement during its oral ruling may have been a strategic decision. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (ruling court will not second-guess tactical or strategic decision unless based on inadequate preparation, ignorance of the law, or shortcoming capable of objective evaluation). Laverdure's challenge to the court's misstatement on appeal from the denial of his Rule 35 motion supports the suggestion that Laverdure's trial counsel may have strategically decided to raise the issue on appeal rather than object during the court's oral ruling.

Regardless, Laverdure failed to establish a genuine issue of material fact on the prejudice prong of *Strickland*. As the State notes, Laverdure failed to present any evidence "suggesting that the district court would have ruled on the probation violations or the Rule 35 motion in some other way more favorable to Laverdure" had his trial counsel objected to the district court's misstatement during its oral ruling denying the Rule 35 motion. Absent such evidence, Laverdure failed to establish a genuine issue of material fact of reasonable probability that, but for the lack of an objection, the outcome of the Rule 35 motion would have been different, despite his three periods of retained jurisdiction and his probation violations.

Furthermore, as this Court noted when rejecting Laverdure's appeal of the district court's denial of his Rule 35 motion, he failed to present any new or additional information in support of his motion. *Laverdure*, Docket Nos. 46951, 46952, 46953, 46954 at *2. The presentation of new or additional information is required for Rule 35 relief. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007) ("When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion."). As a result, even if Laverdure's counsel had corrected the district court's reference to a "felony charge of rape," this fact would not have changed the outcome of Laverdure's Rule 35 motion. Because Laverdure failed to present any new or

8

additional information in support of his Rule 35 motion, he was not entitled to relief under Rule 35 regardless of the court's misstatement or any correction thereof.[2]  Accordingly, Laverdure has not shown a genuine issue of material fact of a reasonable probability that he would have achieved a different result but for his counsel's allegedly deficient performance, and thus Laverdure has failed to present a prima facie claim of ineffective assistance of counsel.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Laverdure's petition for post-conviction relief.  Accordingly, we affirm the judgment.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

---

[2]  While the State did not directly address Laverdure's failure to present new or additional information in opposition to his post-conviction petition, the ruling that he was required but failed to present new or additional information in support of his Rule 35 motion is the law of the case in his underlying criminal case. *See Laverdure*, Docket Nos. 46951, 46952, 46953, 46954 at *2 ("Because no new or additional information in support of Laverdure's Rule 35 motion was presented, the district court did not abuse its discretion.").  Laverdure cannot ignore this ruling in his underlying case to establish a factual question in his post-conviction case that the outcome of his Rule 35 motion would have been different if his counsel had objected to the district court's misstatement. *See Stuart v. State*, 136 Idaho 490, 495, 36 P.3d 1278, 1283 (2001) (noting that ruling necessary to decision becomes law of case and must be adhered to in subsequent proceedings).  Despite any objection, the ruling in the underlying case remains that Laverdure was not entitled to Rule 35 relief because he failed to present new or additional information in support of his motion.

9